**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THERAPEUTICS, INC., SHOSHANA SHENDELMAN, and RICCARDO PERFETTI,<br><br>Defendants. | Case No. 1:24-cv-09715-DLC |
| MOHAMMAD ALI IKRAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THERAPEUTICS, INC., and SHOSHANA SHENDELMAN,<br><br>Defendants. | Case No. 1:24-cv-09973-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF EMIL DEZIA'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Emil Dezia ("Dezia") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Dezia as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Dezia's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired Applied Therapeutics, Inc. ("Applied Therapeutics" or the "Company") securities between January 3, 2024 through December 2, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Dezia believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Dezia satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Dezia respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Dezia's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Applied Therapeutics is a clinical-stage biopharmaceutical company committed to the development of novel drug candidates against validated molecular targets in rare diseases. The Company's lead drug candidate, govorestat, is a central nervous system penetrant Aldose Reductase Inhibitor (ARI) for the treatment of CNS rare metabolic diseases, including Galactosemia, SORD Deficiency, and PMM2-CDG.

The complaints filed in this action allege that, throughout the Class Period, Defendants made false and misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Applied Therapeutics was not adhering to trial protocol and good clinical practices which, in turn, created an exceedingly severe risk that the trial data would be rejected by the FDA in the context of an NDA; and (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On November 27, 2024, Applied Therapeutics disclosed that it had received a Complete Response Letter ("CRL") from the U.S. Food and Drug Administration ("FDA") regarding the New Drug Application ("NDA") for the Company's Classic Galactosemia drug, govorestat, stating that "[t]he CRL indicates that the FDA completed its review of the application and

---

[1] This section is adapted from the complaints in the above-captioned actions.

determined that it is unable to approve the NDA in its current form, citing deficiencies in the clinical application."

On this news, Applied Therapeutics' stock price fell $6.54, or 76.3%, to close at $2.03 per share on November 29, 2024, thereby injuring investors.

Then, on December 2, 2024, Applied Therapeutics disclosed that it had received a "warning letter" from the FDA regarding "issues related to electronic data capture, which the Company believes were addressed in prior communications with the agency, including by providing detailed paper and video records," as well as "a dosing error in the dose-escalation phase" of the govorestat clinical trial.

On this news, Applied Therapeutics' stock price fell $0.46, or 26.3%, over the next few consecutive trading days to close at $1.29 per share on December 5, 2024, thereby injuring investors further.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Dezia and other class members have suffered significant losses and damages.

### III.    PROCEDURAL BACKGROUND

On December 17, 2024, Plaintiff Adrian Alexandru commenced a securities class action against Applied Therapeutics and certain executives captioned *Alexandru v. Applied Therapeutics, Inc. et al*, Case No. 1:24-cv-09715-DLC (the "*Alexandru* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of Applied Therapeutics securities between January 3, 2024 and December 2, 2024, inclusive.

On December 27, 2024, Plaintiff Mohammad Ali Ikram filed a related lawsuit captioned *Ikram v. Applied Therapeutics, Inc., et al*, Case No. 1:24-cv-09973-DLC (the "*Ikram* Action," and with the *Alexandru* Action, the "Related Actions"). It is also brought pursuant to the

Exchange Act on behalf purchasers of Applied Therapeutics common stock between January 3, 2024 and December 2, 2024, inclusive.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B. Dezia Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Dezia satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Dezia has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Dezia is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Dezia respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Dezia Filed a Timely Motion

Dezia has made a timely motion in response to a PSLRA early notice. On December 17, 2024, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Dezia had sixty days (*i.e.*, until February 18, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Applied Therapeutics securities during the Class Period, Dezia is a member of the proposed class and has hereby timely filed a

5

motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Dezia attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Dezia satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Dezia Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Dezia believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Dezia purchased Applied Therapeutics securities during the Class Period, and as a result, suffered financial harm of approximately $63,439.90. *See* Linkh Decl., Ex. C. To the best of his knowledge, Dezia is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Dezia believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Dezia Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

6

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Dezia's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Dezia's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Dezia alleges that Defendants' material misstatements and omissions concerning Applied Therapeutics' business, operations, and financial prospects violated the federal securities laws. Dezia, like all members of the class, purchased Applied Therapeutics securities in reliance on Defendants' alleged misstatements and omissions and was

7

damaged thereby. Accordingly, Dezia's interests and claims are "typical" of the interests and claims of the class.

### b)        Dezia Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Dezia has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Dezia resides in Denver, Colorado, and has been managing his own investments for approximately 6 years. Dezia has been a pharmacist for approximately 14 years, and has a Doctorate degree from the University of Colorado. Dezia is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Dezia is adequate to represent the class and should be appointed as lead plaintiff.

### C.        The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Dezia has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be

8

assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.     CONCLUSION

For the foregoing reasons, Emil Dezia requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Dezia as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 18, 2025          **GLANCY PRONGAY & MURRAY LLP**

By:  _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Emil Dezia and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Emil Dezia certifies that this brief contains 2,486 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 18, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 18, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh