**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THERAPEUTICS, INC. SHOSHANA SHENDELMAN, and RICCARDO PERFETTI,<br><br>Defendants. | Case No:  1:24-cv-09715-DLC<br><br>CLASS ACTION |
| MOHAMMAD ALI IKRAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THERAPEUTICS, INC., and SHOSHANA SHENDELMAN,<br><br>Defendants. | Case No.:  1:24-cv-09973-DLC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**JESSE COLE FOR CONSOLIDATION OF ACTIONS, APPOINTMENT**
**AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................................1

FACTUAL BACKGROUND...................................................................................................2

ARGUMENT............................................................................................................................4

I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE ........................................4

II.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF..........................5

      A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff .............5

      B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA...............................7

            1.    Movant Filed a Timely Motion.................................................................7

            2.    Movant Has the Largest Financial Interest in the Relief Sought ................7

            3.    Movant Meets Rule 23's Typicality and Adequacy Requirements.............9

                  a.    Movant's Claims Are Typical of the Claims of the Class.............10

                  b.    Movant Is an Adequate Representative........................................11

III.  MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED .............................12

CONCLUSION.......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)...................7

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) .....................................................................................6

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ........6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS)
  No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018) .............8, 9, 10

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005)...........................................................................................1, 7

*Faig v. BioScrip, Inc.*,
  No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) ..............8

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011)..........................................................................................4, 7

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012).............................................................................................1

*Goldstein v. Puda Coal, Inc.*,
  827 F. Supp. 2d 348 (S.D.N.Y. 2011) .....................................................................................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015)............................................................................................10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) .......6

*Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN),
  No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020)...................4

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (JRS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008).....................8

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
  No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545 (S.D.N.Y. Oct. 12, 2011)....................8

*Rauch v. Vale S.A.*,
  378 F. Supp. 3d 198 (E.D.N.Y. 2019) .....................................................................................5

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006)......................6

**Statutes**

15 U.S.C. § 78j(b) ...............................................................................................................1

15 U.S.C. § 78t(a) ...............................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A) .............................................................................................7, 8

15 U.S.C. § 78u-4(a)(3)(B)...................................................................................*passim*

17 C.F.R. § 240.10b-5 ........................................................................................................1

**Rules**

Fed. R. Civ. P. 42(a).......................................................................................................5, 6

Fed. R. Civ. P. 23 ....................................................................................................*passim*

Movant Jesse Cole ("Movant") hereby respectfully submits this Memorandum of Law in Support of Movant's Motion Consolidating Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel (the "Motion") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

**PRELIMINARY STATEMENT**

Presently pending before the Court are two securities class action lawsuits (together, the "Action" or "Consolidated Action")[1] brought on behalf of a "Class" consisting of all persons and entities that purchased or otherwise acquired Applied Therapeutics, Inc. ("Applied Therapeutics" or the "Company") securities between January 3, 2024 and December 2, 2024, inclusive; (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Applied Therapeutics, Shoshana Shendelman, the Company's Founder, Chief Executive Officer, President, Secretary, and Chair of the Board of Directors and Riccardo Perfetti, the Chief Medical Officer (collectively, the "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102

---

[1] The actions pending in this Court include: *Adrian Alexandur v. Applied Therapeutics, Inc. et al.*, Case No: 1:24-cv-09715, filed on December 17, 2024 (the "*Alexandur* Action") and *Mohammad Ali Ikram v. Applied Therapeutics, Inc. et al.*, Case No.: 1:24-cv-09973, filed on December 27, 2024 (the "*Ikram* Action") both with a proposed class period between January 3, 2024 and December 2, 2024, inclusive.

1

(S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted). Movant has lost $23,525 as a result of the alleged fraud during the Class Period.[2] Movant believes that he has the largest financial interest in the outcome of the Action. Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and in that he will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

## FACTUAL BACKGROUND

Applied Therapeutics, Inc. is Delaware corporation with its principal executive offices located at 545 Fifth Avenue, Suite 1400, New York, New York 10017. During the Class Period, the Company's common stock traded on the NASDAQ Stock Market (the "NASDAQ") under the symbol "APLT." ¶ 15.[3]

Applied Therapeutics is a clinical-stage biopharmaceutical company committed to the development of novel drug candidates against validated molecular targets in rare diseases. ¶ 22. The Company's lead drug candidate, govorestat, is a central nervous system penetrant Aldose Reductase Inhibitor (ARI) for the treatment of CNS rare metabolic diseases, including Galactosemia, SORD Deficiency, and PMM2-CDG. ¶ 23.

During the Class Period, Defendants provided investors with material information concerning Applied Therapeutics' Phase III INSPIRE trial results for govorestat and the drug's

---

[2] A signed certification identifying Movant's Applied Therapeutics transactions during the Class Period, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Brandon Walker ("Walker Decl." or "Walker Declaration"), as Exhibits A and B, respectively.

[3] Citations to "¶__" are to paragraphs of the Complaint for Violations of the Federal Securities Laws filed in the *Alexandur* Action on December 17, 2024 (the "Complaint"). ECF No. 1. The facts set forth in the Complaint are incorporated herein by reference.

efficacy in treating Galactosemia.  ¶¶ 2, 24-36.  Defendants' statements included, among other things, confidence in the Company's New Drug Application ("NDA") to the FDA for govorestat, submission of a Marketing Authorization Authority to the European Medicines Agency for the same, positive clinical outcomes data from the Phase 3 registrational ACTION-Galactosemia Kids study in children age 2-17 with Galactosemia, the Phase 1/2 ACTION-Galactosemia study in adult patients with Galactosemia, and preclinical data as well as positive interim trial results from the Phase III INSPIRE trial.  *Id.*

Defendants' statements were false and/or materially misleading, concealing and misrepresenting the clinical trial protocols and procedures in place, notably, electronic data capture issues and a dosing error in the dose-escalation phase of the study, and thereby providing investors with the false impression that protocol and good clinical practices were being properly followed.  ¶¶ 3, 37.  In truth, Applied Therapeutics was not adhering to trial protocol and good clinical practices which, in turn, created an exceedingly severe risk that the trial data would be rejected by the FDA in the context of an NDA.  *Id.*

Investors began to question the veracity of Defendants' public statements on November 27, 2024, when Applied Therapeutics issued a press release announcing that it had received a Complete Response Letter ("CRL") for the NDA for govorestat.  ¶¶ 4, 38.  The CRL indicated that the FDA completed its review of the application and determined that it was unable to approve the NDA in its current form citing deficiencies in the clinical application.  *Id.*

Investors and analysts reacted immediately to Applied Therapeutics' revelation.  ¶¶ 5, 39. The price of Applied Therapeutics' common stock declined dramatically from a closing price of $8.57 per share on November 27, 2024, to $2.03 on November 29, 2024.  *Id.*

3

Then, after market hours on December 2, 2024, Applied Therapeutics disclosed it received a "warning letter" from the FDA referring to the clinical trial issues underlying the CRL.  ¶¶ 6, 40. According to the Company's description of the "warning letter," the FDA stated in pertinent part that: "The letter identified issues related to electronic data capture, which the Company believes were addressed in prior communications with the agency, including by providing detailed paper and video records.  *Id.*  The letter also refers to a dosing error in the dose-escalation phase of the study resulting in slightly lower levels than targeted in a limited number of patients, which was remedied prior to achieving maintenance dosing.  *Id.*  Detailed records were maintained by the Company under FDA regulatory requirements, and this information was provided to FDA.  *Id.* The Company intends to respond within the permitted 15 business days to address these issues." *Id.*

Applied Therapeutics' disclosure of the "warning letter" prompted a further decline in the stock price as investors discovered the seriousness and severity of the Company's clinical trial errors.  ¶¶ 7, 41.  From a closing market price of $1.75 per share on December 2, 2024, Applied Therapeutics' stock price fell to $1.69 per share on December 3, 2024 before falling further to $1.38 per share on December 4, 2024 and $1.29 per share on December 5, 2024.  *Id.*

ARGUMENT

## I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-chapter] has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

4

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Courts have taken the view that considerations of judicial economy favor consolidation. *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) ("Consolidation is a valuable and important tool of judicial administration that should be invoked to expedite trial and eliminate unnecessary repetition and confusion.") (internal quotations omitted). Consolidation is particularly appropriate in securities class action litigation. *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 353 (S.D.N.Y. 2011) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation") (citation and internal quotations omitted). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions here present similar factual and legal issues, as they each involve the same subject matter and are based on the same wrongful course of conduct. The Actions name the nearly the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Puda Coal*, 827 F. Supp. 2d at 353.

## II.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.   The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead

plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff within 60 days after the date on which the notice is published. 15 U.S.C. § 78u-4(a)(3)(A); *see Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." *Id*. The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020). The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

6

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against him that Defendants could raise. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

**B.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA**

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

**1.      Movant Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff published notice of the pendency of the Action on December 17, 2024, within 20 days of the filing of the Complaint, through *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Walker Decl., Ex. C. The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is February 18, 2025. *See id.*; 15 U.S.C. § 78u-4(a)(3)(A) and (B). Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

**2.      Movant Has the Largest Financial Interest in the Relief Sought**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." As demonstrated herein, Movant has

the largest known financial interest in the relief sought by the Class.  *See* Walker Decl., Ex. B

(Loss Chart).  The movant who has the largest financial interest in this litigation and meets the

adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Brady v.*

*Top Ships Inc.*, 324 F. Supp. 3d 335, 344-45, 349-50 (E.D.N.Y. 2018); *Chahal v. Credit Suisse*

*Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6  (S.D.N.Y. June

21, 2018) ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief

sought by the class,' courts in this district tend to consider four criteria, known as the Lax factors

. . . . Courts generally find the fourth factor, [net loss suffered], to be the most compelling.")

(internal citations omitted; emphasis in original); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No.

17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same);

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS

3028, at *14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge

'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase

price paid for the shares and the average trading price of the shares during the 90-day period

beginning on the date the information correcting the misstatement was disseminated, or (ii) the

difference between the purchase price paid for the shares and the average trading price of the shares

between the date when the misstatement was corrected and the date on which the plaintiff sold

their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased Applied Therapeutics securities in reliance

upon the materially false and misleading statements issued by Defendants and was injured thereby.

Movant has suffered substantial losses of $23,525 under a last-in-first-out ("LIFO") analysis as a

result of Defendants' alleged misstatements and omissions.  *See eSpeed*, 232 F.R.D. at 101 (noting

that courts prefer losses to be calculated under LIFO); *Transocean*, 272 F.R.D. at 129; *see also* Walker Declaration, Ex. B (Loss Chart).  Movant, thus, has a significant financial interest in the outcome of this Action.  To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied:    (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed.  *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018) ("The parties moving for lead plaintiff are only required to make a prima facie showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements."); *Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754, at *8-9 (S.D.N.Y. Dec. 19, 2013) ("[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

9

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a.     Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (1) suffered the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See BioScrip*, 2013 U.S. Dist. LEXIS 178754, at \*8.  "The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement."  *Id*. at \*9; *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at \*12 ("[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at \*7 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545, at \*5  (S.D.N.Y. Oct. 12, 2011)).  Movant, like the other members of the Class, acquired Applied Therapeutics securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.  Thus,

Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and those losses were a result of Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3) for the purposes of this Motion. *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7.

### b. Movant Is an Adequate Representative

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." Adequate representation will be found if: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *6 (citation omitted). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class. 15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss incurred as a result of the wrongful conduct alleged therein. *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *7 (Movant's "substantial losses provide a sufficient incentive to vigorously litigate this case"). Indeed, Movant has already taken steps that demonstrate that he recognizes and will protect the

interests of the Class, including: (1) executing a certification detailing his Class Period transactions and a declaration expressing his willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities violations. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### III. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (internal citation omitted). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Walker Decl., Ex. D), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of BES have

extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.  Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) consolidate the actions; (2) appoint Jesse Cole as Lead Plaintiff on behalf of the Class; (3) approve Movant's selection of BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: February 18, 2025                      Respectfully submitted,


**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Brandon Walker*
Brandon Walker
Lawrence P. Eagel
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email:  walker@bespc.com
           eagel@bespc.com
           passmore@bespc.com

*Counsel for Movant Jesse Cole. and Proposed*
*Lead Counsel for the Class*

13

## CERTIFICATE OF COUNSEL

I, Brandon Walker, hereby certify that:

1.      I am admitted to the bar of this Court.

2.      This brief complies with the word-count limitations of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because the brief contains 3,912 words, exclusive of the sections that do not count towards the limitation pursuant to L.R. 7.1(c) according to the word count provided by Microsoft Office 365 word-processing software.

3.      This brief complies with the typeface and type style requirements of L.R. 7.1(b) because it uses 12-point type or larger, except for text in footnotes which may be 10-point type.

Dated:  February 18, 2025                                      **BRAGAR EAGEL & SQUIRE, P.C.**

                                                                                          By: */s/ Brandon Walker*
                                                                                          Brandon Walker

                                                                                          *Counsel for Movant Jesse Cole and*
                                                                                          *Proposed Lead Counsel for the Class*

14

**<u>CERTIFICATE OF SERVICE</u>**

I, Brandon Walker, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 18th day of February, 2025.

*/s/ Brandon Walker*
Brandon Walker

15