**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLIED THERAPEUTICS, INC., SHOSHANA SHENDELMAN, and RICCARDO PERFETTI, <br><br> Defendants. | Case No.: 1:24-cv-09715-DLC <br><br> Hon. Denise L. Cote |
| MOHAMMAD ALI IKRAM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLIED THERAPEUTICS, INC., and SHOSHANA SHENDELMAN, <br><br> Defendants. | Case No.: 1:24-cv-09973-DLC <br><br> Hon. Denise L. Cote |

**MEMORANDUM OF LAW IN SUPPORT OF JUSTIN MAC'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND.................................................................................................. 2

II.     PROCEDURAL HISTORY................................................................................................. 3

III.    ARGUMENT ...................................................................................................................... 3

    A.    Consolidation of the Actions Is Appropriate ...................................................... 3

    B.    Appointing Movant as Lead Plaintiff Is Appropriate ......................................... 5

        1.    Movant Filed a Timely Motion. ................................................................. 6

        2.    Movant Has the Largest Financial Interest in the Relief Sought. .............. 6

        3.    Movant Satisfies the Relevant Requirements of Rule 23............................ 7

            a.    Movant's Claims Are Typical................................................................. 8

            b.    Movant Is An Adequate Representative. ................................................ 8

    C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................................... 9

IV.     CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................. 6, 7

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001) ....................................................................................... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................. 8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.) ..................................................................................... 10

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ......................................... 4

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ........... 7, 8

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................. 7

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ..................................................... 10

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ........................................................ 10

*Johnson v. Celotex Corp.,*
899 F.2d 1281 (2d Cir. 1990) ..................................................................................... 4

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................. 8

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .......................................................... 10

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ....................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .......................................................... 10

iii

*Solomon v. Peloton Interactive, Inc. et al.,*
   No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ................................................................ 10

*In re Tesla Inc. Securities Litigation,*
   No. 3:18-cv-4865 (N.D. Cal.) ...................................................................................... 10

*Thant v. Rain Oncology Inc. et al.,*
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ...................................................................... 10

*Thant v. Veru, Inc. et al.,*
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)................................................................ 10

*In re U.S. Steel Securities Litigation,*
   No. 2:17-579-CB (W.D. Pa.) .......................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ............................................................. 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

*Weltz v. Lee,*
   199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................... 4

*Xiangdong Chen v. X Fin.,*
   No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)......... 6

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23................................................................................................ 1, 5, 7, 8

Fed. R. Civ. P. 42(a) ........................................................................................................ 4

Justin Mac ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired Applied Therapeutics, Inc. ("Applied" or the "Company") securities between January 3, 2024 and December 2, 2024, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants Applied, Shoshana Shendelman ("Shendelman"), and Riccardo Perfetti ("Perfetti") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[1]

Applied Therapeutics is a clinical-stage biopharmaceutical company committed to the development of novel drug candidates against validated molecular targets in rare diseases. ¶ 22.

The Company's lead drug candidate, govorestat, is a central nervous system penetrant Aldose Reductase Inhibitor (ARI) for the treatment of CNS rare metabolic diseases, including Galactosemia, SORD Deficiency, and PMM2-CDG. ¶ 23.

The statements in Paragraphs 24 to 36 of the *Alexandru* Complaint were false and/or materially misleading by concealing and misrepresenting the clinical trial protocols and procedures in place thereby providing investors with the false impression that protocol and good clinical practices were being properly followed. ¶ 37. In truth, Applied Therapeutics was not adhering to trial protocol and good clinical practices which, in turn, created an exceedingly severe risk that the trial data would be rejected by the FDA in the context of an NDA. *Id.*

On November 27, 2024, Defendants issued a press release revealing that the FDA issued a CRL for the NDA for govorestat. ¶ 38.

Investors and analysts reacted immediately to Applied Therapeutics' revelation. ¶ 39. The price of Applied Therapeutics' common stock declined dramatically. *Id.* From a closing market price of $10.21 per share on November 26, 2024, Applied Therapeutics' stock price fell to $8.57 per share on November 27, 2024 before falling further to $2.03 on November 29, 2024 and $1.75

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Alexandru* Complaint") filed in the action styled *Alexandru v. Applied Therapeutics, Inc., et. al.,* Case No. 1:24-cv-09715-DLC (the "*Alexandru* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Alexandru* Complaint. The facts set forth in the *Alexandru* Complaint are incorporated herein by reference.

per share on December 2, 2024, a total decline of more than 80%. *Id.*

On December 2, 2024, Applied Therapeutics published a Regulation FD Disclosure disclosing that the Company received a warning from the FDA. ¶ 40.

Applied Therapeutics' disclosure of the "warning letter" prompted a further decline in the stock price as investors discovered the seriousness and severity of the Company's clinical trial errors. ¶ 41. From a closing market price of $1.75 per share on December 2, 2024, Applied Therapeutics' stock price fell to $1.69 per share on December 3, 2024 before falling further to $1.38 per share on December 4, 2024 and $1.29 per share on December 5, 2024. *Id.*

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Alexandru* Action against the Defendants. Plaintiff Adrian Alexandru ("Alexandru") commenced the first-filed action on December 17, 2024. On that same day, counsel acting on Alexandru's behalf, Levi & Korsinsky, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On December 27, 2024, a substantially similar action was filed against Applied in this Court, entitled *Ikram v. Applied Therapeutics, Inc., et al.,* Case No. 1:24-cv-09973-DLC (the "*Ikram* Action"). Movant has requested consolidation of the *Alexandru* and *Ikram* Actions.

## III.   ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the

3

motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

4

**B.    Appointing Movant as Lead Plaintiff Is Appropriate**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $42,380.49 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B

5

to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On December 17, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Alexandru published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Applied securities that they had 60 days from the publication of the December 17, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the December 17, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in Applied securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for

appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Applied securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $42,380.49. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.      Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Applied's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Applied securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources

and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor. He resides in Staten Island, New York, and possesses a Bachelor of Business Administration in Computer Information Systems – Cybersecurity. Movant is currently employed as a Cybersecurity Analyst CSOC with the Metropolitan Transit Authority. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S.

Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

10

Dated: February 18, 2025

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Justin Mac and
[Proposed] Lead Counsel for the Class*

11