**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br><br> APPLIED THERAPEUTICS, INC., SHOSHANA SHENDELMAN, and RICCARDO PERFETTI, <br><br> Defendants. | **CASE No.: 1:24-cv-09715-DLC** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SONAM DHONDUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> <u>**CLASS ACTION**</u> |
| MOHAMMAD ALI IKRAM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLIED THERAPEUTICS, INC., and SHOSHANA SHENDELMAN, <br><br> Defendants. | **CASE No.: 1:24-cv-09973-DLC** <br><br> <u>**CLASS ACTION**</u> |

1

Plaintiff Sonam Dhondup ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42(a):

(a)    that the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)    appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or acquired Applied Therapeutics, Inc. ("Applied Therapeutics" or the "Company") securities between January 3, 2024 and December 2, 2024, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On December 17, 2024 the first substantially similar case was filed against the Company, Shoshana Shendelman, and Riccardo Perfetti for violations under the Exchange Act captioned as *Alexandru v. Applied Therapeutics, Inc., et al.*, case no. 1:24-cv-09715-DLC. That same day, an early notice pursuant to the PSLRA was published advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff with a deadline to move the Court of February 18, 2025. *See* Ex. 1 hereto.

On December 27, 2025, the related action *Ikram v. Applied Therapeutics, Inc., et al.*, case no. 1:24-cv-09973-DLC, was filed, alleging substantially similar claims under the Exchange Act against the Company and Defendant Shendelman covering the same Class Period for purchasers

of Applied Therapeutics common stock[1]. On January 7, 2025, the *Ikram* action was accepted as related to the *Alexandru* action. *See Ikram* action, Dkt. No. 11.

Applied Therapeutics purports to be a clinical-stage biopharmaceutical company whose lead drug candidate, govorestat (also referred to as AT-007), is intended to treat rare metabolic diseases, including Galactosemia, a pediatric metabolic disease that affects how the body processes a simple sugar called galactose, and for which there is no known cure or approved treatment available.

The complaints allege throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, during the Class Period, Defendants made positive representations about the Company's New Drug Application ("NDA") for govorestat and Defendants' interactions with the U.S. Food and Drug Administration ("FDA") concerning the NDA for govorestat, while making materially false and/or misleading statements, as well as failed to disclose that: (1) Defendants failed to provide sufficient information at the time of submission of the NDA to enable FDA to make an informed decision regarding the impact of the dosing errors on study data; (2) that Defendants' failure to provide a description or analysis of the dosing errors in the trail raised significant concerns about the validity, reliability, and integrity of the data and the Company's failure to disclose this critical information in the NDA for govorestat raised significant concerns about the Company's oversight and conduct of clinical investigations; (3) that a third-party vendor contracted by the Company deleted certain electronic study data results, including associated audit trails for all 47 subjects enrolled in the ACTION-Galactosemia Kids study; (4) that as a result of the study data

---

[1] The *Alexandru* action asserts claims on behalf of all investors who purchased or otherwise acquired Company securities, whereas the *Ikram* action refers to claims on behalf of purchasers of the Company's common stock.

deletion, during the inspection of the Company, the FDA was unable to access and copy and verify records and reports relating to the study in contravention of FDA requirements; (5) that FDA investigators discussed with Defendant Shendelman its significant findings and presented a Form FDA 483 for inspectional observations regard the study data deletion; and that (6) as a result of the dosing errors and study data deletion issues, that the Company's NDA for govorestat did not adhere to FDA requirements and Defendants' positive representations about the NDA for govorestat lacked a reasonable basis.

Then on November 27, 2024, Applied Therapeutics issued a press release announcing that it had received a Complete Response Letter (CRL) for the New Drug Application (NDA) for govorestat. The CRL indicated that the FDA completed its review of the application and determined that it was unable to approve the NDA in its current form citing deficiencies in the clinical application.

On this news, Applied Therapeutics' stock price fell from a closing market price of $10.21 per share on November 26, 2024 to $8.57 per share on November 27, 2024 before falling further to $2.03 on November 29, 2024 and $1.75 per share on December 2, 2024, a total decline of more than 80%.

Then, after market hours, on December 2, 2024, Applied Therapeutics disclosed it received a "warning letter" from the FDA referring to the clinical trial issues underlying the CRL.

On this news, Applied Therapeutics' stock price fell from a closing market price of $1.75 per share on December 2, 2024 to $1.69 per share on December 3, 2024 before falling further to $1.38 per share on December 4, 2024 and $1.29 per share on December 5, 2024.

After the Class Period, on December 20, 2024, the Company issued a press release that disclosed Defendant Shendelman "has stepped down as Chair and CEO" of the Company.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act and Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any

pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

6

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $26,136.28 on purchases of Applied Therapeutics securities in connection with the alleged fraud at issue. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater compensable losses in Applied Therapeutics securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Applied Therapeutics and its business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Applied Therapeutics securities and is therefore, extremely motivated to pursue claims in this action.

**D.  Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Further, Movant has 15 years of investing experience. Movant, graduated with a Bachelor's in Computer Systems, and is currently employed as a human resources information system analyst. Movant resides in Blaine, Minnesota.

**III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly

available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 18, 2025     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word count limit set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this brief, the document contains 2522 words, excluding the parts of the document exempted by the rule.

*/s/Phillip Kim*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Phillip Kim*