UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ————————————————— x | |
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:24-cv-09715-DLC |
| Plaintiff, | CLASS ACTION |
| vs. | |
| APPLIED THERAPEUTICS, INC., SHOSHANA SHENDELMAN, and RICCARDO PERFETTI, | |
| Defendants. | |
| ————————————————— x | |
| MOHAMMAD ALI IKRAM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:24-cv-09973-DLC |
| Plaintiff, | CLASS ACTION |
| vs. | |
| APPLIED THERAPEUTICS, INC., and SHOSHANA SHENDELMAN, | |
| Defendants. | |
| ————————————————— x | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4935-7557-8650.v1

## I.    INTRODUCTION

Two related securities class action lawsuits brought on behalf of investors of Applied Therapeutics, Inc. ("Applied Therapeutics" or the "Company") securities alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act") are pending before this Court.[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they are based on the same core set of facts and assert nearly identical claims against overlapping defendants on behalf of a proposed class of investors that purchased Applied Therapeutics securities during identical class periods alleging the same violations of the federal securities laws.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member of "the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Otis D. Lucas, Jr. should be appointed lead plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Lucas' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]    The Related Actions are *Alexandru v. Applied Therapeutics, Inc.*, No. 1:24-cv-09715 (filed December 17, 2024) and *Ikram v. Applied Therapeutics, Inc.*, No. 1:24-cv-09973 (filed December 27, 2024).  Unless otherwise noted, all emphasis is added and citations are omitted.

4935-7557-8650.v1

## II.    FACTUAL BACKGROUND

Applied Therapeutics is a clinical-stage biopharmaceutical company that engages in the development of novel drug candidates against validated molecular targets in rare diseases.  The Company's stock trades on the NASDAQ under the symbol APLT.  On January 3, 2024, defendants announced that Applied Therapeutics submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for govorestat for the treatment of Classic Galactosemia.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that Applied Therapeutics was not adhering to trial protocol and good clinical practices, which, in turn, created an exceedingly severe risk that the trial data would be rejected by the FDA in the context of an NDA.

On November 27, 2024, defendants revealed that the FDA issued a Complete Response Letter for the NDA for govorestat which indicated that "the FDA completed its review of the application and determined that it is unable to approve the NDA in its current form, citing deficiencies in the clinical application."  ECF 1 at ¶38.  On this news, the price of Applied Therapeutics stock fell more than 80% over three trading sessions.

Then, on December 2, 2024, Applied Therapeutics disclosed that it received a warning from the FDA which "identified issues related to electronic data capture" and "refers to a dosing error in the dose-escalation phase of the study resulting in slightly lower levels than targeted in a limited number of patients." ECF 1 at ¶40. On this news, the price of Applied Therapeutics stock fell more than 26% over three trading sessions.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Applied Therapeutics, Mr. Lucas and other class members have suffered significant losses and damages.

4935-7557-8650.v1

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).    Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).    The Related Actions allege the same claims on behalf of Applied Therapeutics investors during identical class periods, name overlapping defendants, and arise out of the same facts and circumstances regarding defendants' alleged wrongdoing. *See Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *1 (S.D.N.Y. May 9, 2008).    Thus, the Related Actions should be consolidated.

### B.    Mr. Lucas Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).    Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 3 -

4935-7557-8650.v1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Lucas meets these requirements and should be appointed Lead Plaintiff.

### 1.     Mr. Lucas' Motion Is Timely

The statutory notice was published in this action on December 17, 2024 in *Globe Newswire* and advised putative class members of the action's pendency, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by February 18, 2025.  *See* Declaration of Noam Mandel in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Mandel Decl."), Ex. A, filed concurrently herewith.  Because this motion is being filed by the statutory deadline, it is timely, and Mr. Lucas is entitled to be considered for appointment as lead plaintiff.

### 2.     Mr. Lucas Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Lucas purchased 9,927 shares of Applied Therapeutics stock during the Class Period and suffered approximately $52,236 in losses as a result of defendants' alleged violations of the federal securities laws.  *See* Mandel Decl., Exs. B, C. To the best of Mr. Lucas' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.     Mr. Lucas Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this early stage of litigation, only typicality and adequacy are pertinent.  *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).  "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes

- 4 -

similar legal arguments to prove the defendant's liability.'" *Id.* at *2. "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.*

Here, Mr. Lucas' claims are typical of those of the class because – like all class members – he purchased Applied Therapeutics securities during the Class Period at artificially inflated prices, and suffered a loss as a result of defendants' alleged misconduct.

Mr. Lucas is adequate because his interests in the action are aligned with the interests of the other members of the class, and he is incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing. As evidenced by his sworn Certification and Declaration, he is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses Mr. Lucas suffered. *See* Mandel Decl., Exs. B, D. Further, Mr. Lucas is a U.S.-based investor, residing in Chicago, Illinois. Mr. Lucas also has experience selecting and overseeing counsel. Finally, as set forth in more detail below, Mr. Lucas has retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions. Accordingly, Mr. Lucas readily satisfies the adequacy requirement.

Because Mr. Lucas filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### C.     The Court Should Approve Mr. Lucas's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Lucas has selected Robbins Geller to

- 5 -

serve as lead counsel in this case.[2]

Robbins Geller, a nearly 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Ford v. Pro Shares Trust II*, No. 1:19-cv-00886-DLC, ECF 125 at 22: 1-5 (S.D.N.Y. May 14, 2019) (Transcript of April 29, 2019 Lead Plaintiff Hearing) (Cote, J.) ("This is a class who deserves to be well represented. On that score, the Robbins Geller application is far, far superior."); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4935-7557-8650.v1

proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, Mr. Lucas' selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4935-7557-8650.v1

## IV.    CONCLUSION

The Related Actions are substantially similar and should be consolidated.  In addition, Mr.

Lucas satisfies each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly,

Mr. Lucas respectfully requests that the Court consolidate the Related Actions, appoint him as Lead

Plaintiff, and approve his selection of Lead Counsel.

DATED:  February 18, 2025                    Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             CHAD JOHNSON
                                             NOAM MANDEL
                                             DESIREE CUMMINGS


                                                      s/ Noam Mandel
                                             NOAM MANDEL

                                             420 Lexington Avenue, Suite 1832
                                             New York, NY  10170
                                             Telephone:  212/432-5100
                                             chadj@rgrdlaw.com
                                             noam@rgrdlaw.com
                                             dcummings@rgrdlaw.com

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             DANIELLE S. MYERS
                                             MICHAEL ALBERT
                                             KENNETH P. DOLITSKY
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101
                                             Telephone:  619/231-1058
                                             dmyers@rgrdlaw.com
                                             malbert@rgrdlaw.com
                                             kdolitsky@rgrdlaw.com

                                             Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4935-7557-8650.v1