**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THERAPEUTICS, INC., SHOSHANA SHENDELMAN, and RICCARDO PERFETTI,<br><br>Defendants. | Case No. 1:24-cv-09715-DLC<br><br>CLASS ACTION |
| MOHAMMED ALI IKRAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THERAPEUTICS, INC. and SHOSHANA SHENDELMAN,<br><br>Defendants. | Case No. 1:24-cv-09973-DLC<br><br>CLASS ACTION |

**RESPONSE IN SUPPORT OF THE MOTION OF DR. ANDREW SAW FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF HIS SELECTION OF COUNSEL, AND CONSOLIDATION**

Dr. Andrew Saw respectfully submits this response in support of his motion for appointment as Lead Plaintiff, approval of his selection of counsel, and consolidation of the above-captioned actions.  ECF No. 34 (the "Motion").

On February 18, 2025, Dr. Saw timely filed his Motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), seeking appointment as Lead Plaintiff and approval of his selection of Bleichmar Fonti & Auld LLP as Lead Counsel for the Class.  Eight other movants also filed motions seeking Lead Plaintiff appointment.  *See* ECF Nos. 18, 22, 23, 28, 31, 37, 38, and 45.  Dr. Saw has reviewed the competing Lead Plaintiff motions and has determined that movant Dr. Martin Dietrich has a larger financial interest in this case.  *See* ECF No. 24 at 1.

The PSLRA provides that, in selecting a Lead Plaintiff, courts "shall adopt a presumption" that the movant asserting the "largest financial interest in the relief sought by the class," that otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is the "most adequate plaintiff" to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, as set forth in his Motion and supporting documents, Dr. Saw suffered substantial losses of approximately $94,000 as assessed under the U.S. Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  ECF No. 34 at 1.  Dr. Saw also satisfies the typicality and adequacy requirements of Rule 23 because his claims are typical of the members of the class, and Dr. Saw will fairly and adequately protect the interests of the class.  ECF No. 35 at 6-8.

Given his substantial financial interest and ability to represent the class, should the Court find that Dr. Dietrich fails to meet the PSLRA's criteria for appointment, Dr. Saw respectfully

requests that the Court grant his Motion, appoint him as Lead Plaintiff, and approve his selection of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Dated: February 27, 2025                      Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

 */s/ Javier Bleichmar*
Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

-and-

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Dr. Andrew Saw, and Proposed Lead Counsel for the Putative Class*