UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN ALEXANDRU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLIED THERAPEUTICS, INC., SHOSHANA SHENDELMAN, and RICCARDO PERFETTI, <br><br> Defendants. | Case No. 1:24-cv-09715 (DLC) (VF) |
| MOHAMMAD ALI IKRAM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLIED THERAPEUTICS, INC., and SHOSHANA SHENDELMAN, <br><br> Defendants. | Case No. 1:24-cv-09973 (DLC) (VF) |

**RESPONSIVE MEMORANDUM OF LAW IN FURTHER SUPPORT OF DR. MARTIN DIETRICH'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  THE LEAD PLAINTIFF MOTIONS ........................................................................ 2

III. ARGUMENT .............................................................................................................. 2

      A.   The Actions Should Be Consolidated For All Purposes ........................................ 2

      B.   Dr. Dietrich Is the Most Adequate Plaintiff ......................................................... 3

      C.   The Presumption In Favor of Dr. Dietrich Has Not and Cannot Be Rebutted ....... 6

      D.   Dr. Dietrich's Selection of Wolf Popper to Serve as Lead Counsel Should Be Approved ........................................................................................................... 7

      E.   All Other Motions Should Be Denied .................................................................... 7

IV.  CONCLUSION ........................................................................................................... 8

WORD COUNT CERTIFICATION ................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN),
   2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018),
   *objections overruled by* 2018 U.S. Dist. LEXIS 217875 (S.D.N.Y. Aug. 27, 2018) ................. 7

*Devlin v. Transp. Commc'ns Int'l Union*,
   175 F.3d 121 (2d Cir. 1999) ..................................................................................................... 3

*Hoare v. Oddity Tech. Ltd.*,
   No. 1:24-CV-06571 (MMG),
   2024 U.S. Dist. LEXIS 220596 (S.D.N.Y. Dec. 5, 2024) .............................................. 4, 5, 6, 7

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286, 295 (E.D.N.Y. 1996) .................................................................................. 4

*Manchin v. PACS Grp., Inc.*,
   No. 24-cv-8636 (LJL),
   2025 U.S. Dist. LEXIS 24828 (S.D.N.Y. Feb. 11, 2025)........................................................... 5

*Steiner v. UiPath, Inc.*,
   No. 1:24-cv-04702 (JPC) (SDA),
   2024 U.S. Dist. LEXIS 160225 (S.D.N.Y. Sept. 5, 2024).......................................................... 3

**Statutes**
15 U.S.C. § 78u-4(a) ...................................................................................................... passim

**Rules**
Fed. R. Civ. P. 42(a) .............................................................................................................. 2

I.      **PRELIMINARY STATEMENT**

Class member Dr. Martin Dietrich is entitled to the presumption as the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), and should be appointed lead plaintiff. Dr. Dietrich filed a timely motion. Dr. Dietrich has the largest financial interest in the relief sought by the Class of any lead plaintiff movant. Dr. Dietrich's loss of $357,163 related to his purchases of Applied Therapeutics, Inc. ("Applied Therapeutics" or the "Company") common stock during the "Class Period" of January 3, 2024 and December 2, 2024 is nearly four times greater than the loss of the only other remaining lead plaintiff movant, who has in fact conceded that Dr. Dietrich has the largest financial interest. *Alexandru* ECF No. 51.

Dr. Dietrich also satisfies the typicality and adequacy requirements of Rule 23. Dr. Dietrich is typical of the Class because he purchased Applied Therapeutics common stock during the Class Period and was harmed once the truth concerning the defendants' alleged violations of the federal securities laws was revealed to the market and the artificial inflation was removed from the price of the common stock. Dr. Dietrich, who is a board-certified oncologist, is adequate because he has no conflicts with absent class members and his loss of $357,163 gives him a significant financial interest in the outcome of the litigation. Further, he has hired Wolf Popper LLP, a nationally recognized securities class action firm, as proposed Lead Counsel for the Class. No movant has challenged Dr. Dietrich's typicality or adequacy or submitted any argument against his appointment as lead plaintiff.

As such, Dr. Dietrich should be appointed Lead Plaintiff in the above captioned securities class actions.

The Court should also grant Dr. Dietrich's motion for Wolf Popper to be appointed Lead Counsel. Wolf Popper is a nationally recognized securities litigation firm with a consistent record

of achieving substantial recoveries for the benefit of injured investor classes, and has the expertise and resources necessary to provide high quality legal representation to the Class.

Dr. Dietrich's motion to consolidate the above captioned actions should also be granted because the actions present common issues of law and fact.

## II.    THE LEAD PLAINTIFF MOTIONS

On December 20, 2024, the Court issued an Order requiring that members of the Class file motions for appointment as Lead Plaintiff on or before February 18, 2025. *Alexandru* ECF No. 9. On February 18, 2025, nine motions for appointment as Lead Plaintiff were filed with the Court. *See Alexandru* ECF Nos. 18-48. Seven of those movants have withdrawn their motions or filed notices of non-opposition to Dr. Dietrich's motion, recognizing that they did not have the largest financial interest in the relief sought by the Class. *See Alexandru* ECF Nos. 49-50, 52-56. Only two motions remain active, those of Dr. Dietrich (*Alexandru* ECF Nos. 22, 24, and 27) and Dr. Andrew Saw (*Alexandru* ECF Nos. 34-36, 51). Dr. Saw concedes that Dr. Dietrich has the largest financial interest in the relief sought by the Class as required by the PSLRA, and does not present any argument in opposition to the appointment of Dr. Dietrich as Lead Plaintiff. *Alexandru* ECF No. 51.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial," then the Court "shall not [appoint a lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a), the Court may consolidate actions before it that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "In assessing whether

consolidation is appropriate in given circumstances," a court "should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

The actions both concern common questions of law and fact. The actions both assert violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, during the same Class Period, arising out of materially false and misleading statements by Applied Therapeutics and its senior executives concerning the NDA for govorestat and defendants' interactions with the FDA concerning the govorestat. "Consolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports." *Steiner v. UiPath, Inc.*, No. 1:24-cv-04702 (JPC) (SDA), 2024 U.S. Dist. LEXIS 160225, at *5 (S.D.N.Y. Sept. 5, 2024) (citations and quotations omitted). Consolidation therefore should be granted.

### B.      Dr. Dietrich Is the Most Adequate Plaintiff

The PSLRA instructs that in a securities class action, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter referred to as the 'most adequate plaintiff')." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the "person or group of persons that has either filed the complaint or made a motion [for appointment as lead plaintiff]; in the determination of the court, has the largest financial interest in the relief sought by the class; and…otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

Dr. Dietrich satisfies each requirement of the PSLRA, and respectfully submits that he is entitled to the presumption as the "most adequate plaintiff."

***First***, Dr. Dietrich timely filed his motion for appointment as lead plaintiff on February 18, 2025. *See Alexandru* ECF Nos. 22, 24, 27.

*Second*, Dr. Dietrich has "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Courts in this District and the Second Circuit "generally consider four factors, called the Lax/Olsten factors, to evaluate the financial interest of prospective lead plaintiffs: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *Hoare v. Oddity Tech. Ltd.*, No. 1:24-CV-06571 (MMG), 2024 U.S. Dist. LEXIS 220596, at *6 (S.D.N.Y. Dec. 5, 2024) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1996)). "Courts consider the fourth factor," the approximate loss suffered during the class period, "to be the most important factor in this analysis." *Id.* (citation omitted).

As set forth in the below chart, Dr. Dietrich suffered the largest loss of any of the remaining competing lead plaintiff movants, and has the largest financial interest based on the other three Lax/Olsten factors considered by Courts in this District:[1]

| Movant | CP Shares Purchased | 11/27/24 Retained Shares | 12/2/24 Retained Shares | CP Net Funds Expended | Asserted Loss |
|---|---|---|---|---|---|
| Dr. Martin Dietrich *Alexandru* ECF Nos. 22, 24, 27 | 76,759 | 76,707 | 23,232 | $385,970 | $357,163 |
| Dr. Andrew Saw *Alexandru* ECF Nos. 34-36, 51 | 11,000 | 11,000 | 11,000 | $102,955 | $93,878 |

Dr. Saw has conceded that Dr. Dietrich has the largest financial interest in the relief sought by the Class. *Alexandru* ECF No. 51. Accordingly, there is no dispute that Dr. Dietrich has the largest financial interest in the relief sought by the Class.[2]

---

[1] Loss figures are taken from each respective movant's initial motion and reflect their claimed losses rounded to the nearest dollar.

[2] Dr. Dietrich purchased an additional 62,875 shares of Applied Therapeutics common stock on December 3, 2024 (while new curative information was continuing to enter the market, *see Ikram* ECF No. 1, ¶¶ 36-39, *Alexandru* ECF

**Third**, Dr. Dietrich also satisfies the elements of Rule 23. "For purposes of choosing a lead plaintiff under the PSLRA, the parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements." *Manchin v. PACS Grp., Inc.*, No. 24-cv-8636 (LJL), 2025 U.S. Dist. LEXIS 24828, at *8 (S.D.N.Y. Feb. 11, 2025).

Dr. Dietrich has made a preliminary showing of typicality. "Movants can demonstrate typicality by showing that their claims arise from the same conduct from which the other class members' claims and injuries arise[.]" (citation and quotations omitted). *Oddity Tech*, 2024 U.S. Dist. LEXIS 220596, at *8. Dr. Dietrich's claims arise from the same events and course of conduct as the Class's claims. Dr. Dietrich purchased 76,759 shares of Applied Therapeutics common stock during the Class Period, at prices alleged to be artificially inflated as a result of the defendants' alleged materially false and misleading statements. Dr. Dietrich held Class Period purchased shares of Applied Therapeutics common stock at each of the two corrective disclosures alleged in the complaints. Dr. Dietrich held 76,707 shares at the close of trading on Wednesday, November 27, 2024, the time of the first corrective disclosure alleged in the complaints that resulted in a $6.53 per share decline in Applied Therapeutics common stock on Friday, November 29, 2024 (the next trading day). *See Ikram* ECF No. 1, ¶ 33. Dr. Dietrich held 23,232 shares at the close of trading on December 2, 2024, the time of the second corrective disclosure alleged in the complaints that resulted in a decline of $0.46 per share in Applied Therapeutics common stock from December 3, 2024 through December 5, 2024. *See id.* ¶ 38; *Alexandru* ECF No. 1, ¶ 41. Dr. Dietrich suffered

---

No. 1, ¶ 41) at $1.74 per share and sold those shares on December 9, 2024, at $1.24 per share, incurring an additional $31,429 in losses after additional curative information was revealed to the market from December 3 to 4, 2024. If these losses are included, then Dr. Dietrich's losses total $388,591.

damages when the truth was revealed, and possesses claims against the defendants under the federal securities laws.

Dr. Dietrich has also made a preliminary showing of adequacy. "A presumptive lead plaintiff is adequate if they (1) have no conflict of interest with the other members of the class, (2) have sufficient interest in the outcome of the case, and (3) have selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Id.* at *9. Dr. Dietrich's claims are not antagonistic or in conflict with those of the Class. Dr. Dietrich is not subject to any unique defenses. Further, Dr. Dietrich's loss of $357,163 means he has sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, whose interests align directly with his own. Also, as a board-certified oncologist, Dr. Dietrich will provide invaluable assistance to the litigation of this action. Dr. Dietrich has submitted a sworn certification, as required by the PSLRA, attesting to his willingness to serve as Lead Plaintiff for the Class and to provide testimony at deposition and trial, if necessary. ECF No. 27-2. Dr. Dietrich has also submitted a declaration attesting to, among other things, his understanding of the obligations of a lead plaintiff and commitment to zealously prosecute this litigation. ECF No. 27-4. Further, Dr. Dietrich has retained Wolf Popper, a nationally recognized securities litigation firm, to act as Lead Counsel.

Dr. Dietrich is therefore entitled to the presumption as the most adequate plaintiff: he timely filed his motion; he has the largest financial interest in the relief sought by the Class, and he has made a preliminary showing to satisfy the adequacy and typicality elements of Rule 23.

### C.    The Presumption In Favor of Dr. Dietrich Has Not and Cannot Be Rebutted

The PSLRA allows that the presumption that a movant is the most adequate plaintiff may only be rebutted "upon proof" that the most adequate plaintiff "will not fairly and adequately

6

protect the interests of the class; or … is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

No other movant has even attempted to submit "proof" that Dr. Dietrich fails on typicality or adequacy grounds. Notably, Dr. Saw, who claims the second largest financial interest in the relief sought by the Class, conceded that Dr. Dietrich has the largest financial interest, and did not present any proof or argument to rebut the presumption in favor of Dr. Dietrich. *Alexandru* ECF No. 51.

As such, Dr. Dietrich should be appointed as Lead Plaintiff.

### D.     Dr. Dietrich's Selection of Wolf Popper to Serve as Lead Counsel Should Be Approved

Under the PSLRA framework, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Oddity Tech.*, 2024 U.S. Dist. LEXIS 220596, at *11.

Dr. Dietrich has selected Wolf Popper to act as Lead Counsel, and respectfully request that the Court approve its selection. Wolf Popper is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* ECF No. 27-5.

### E.     All Other Motions Should Be Denied

Dr. Dietrich is the presumptive Lead Plaintiff. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…" *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *8 (S.D.N.Y. June 21, 2018), *objections overruled by* 2018 U.S. Dist. LEXIS 217875 (S.D.N.Y. Aug. 27, 2018). As such, all other motions should be denied.

## IV.    CONCLUSION

For the foregoing reasons, and the reasons set forth in Dr. Dietrich's motion (ECF No. 22, 24, 27) Dr. Dietrich respectfully requests that this Court issue an Order (1) consolidating the *Alexandru* and *Ikram* actions, (2) appointing Dr. Dietrich as Lead Plaintiff, (3) approving Dr. Dietrich's selection of Wolf Popper as Lead Counsel, and (4) granting such other relief as the Court may deem just and proper.

Dated: February 28, 2025
        New York, NY

Respectfully submitted,

**WOLF POPPER LLP**

*/s/ Joshua W. Ruthizer*
Robert C. Finkel
rfinkel@wolfpopper.com
Joshua W. Ruthizer
jruthizer@wolfpopper.com
Adam Savett
asavett@wolfpopper.com
Emer Burke
eburke@wolfpopper.com
845 Third Avenue, 12th Floor
New York, New York 10022
Telephone: (212) 759-4600

*Attorneys for Movant Dr. Martin Dietrich and Proposed Lead Counsel for the Class*

## WORD COUNT CERTIFICATION

Pursuant to Southern District of New York Local Civil Rule 7.1(c), the undersigned hereby certifies that this memorandum of law contains 2,329 words, excluding the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates. I utilized the word count of the word-processing program used to prepare the document in order to obtain that word count.

*/s/ Joshua W. Ruthizer*
Joshua W. Ruthizer

8