**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLIED THERAPEUTICS SECURITIES LITIGATION | No. 24-cv-09715 (DLC) |

**ANSWER AND DEFENSES OF APPLIED THERAPEUTICS, INC.**
**TO LEAD PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Applied Therapeutics, Inc. ("Applied" or the "Company") submits this Answer and Defenses to the Consolidated Amended Class Action Complaint (the "Complaint" or "Compl.") filed on May 2, 2025 by Lead Plaintiff Dr. Martin Dietrich ("Plaintiff").

Applied submits this Answer only on the Company's behalf, and not on behalf of defendants Dr. Shoshana Shendelman and Dr. Riccardo Perfetti (the "Individual Defendants"). To the extent the Complaint alleges facts pertaining to the Individual Defendants' knowledge, intent, or state of mind, individually or collectively, Applied lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

Certain statements in the Complaint are "prefaced with '{FS__}' for numbering purposes." Compl. ¶ 78 n.2. For the avoidance of doubt, Applied states that any references in this Answer to Plaintiff's labeling convention are made for identification purposes only. Applied does not admit Plaintiff's characterization of any such statements as false or misleading statements.

The Answer is based on the current knowledge of Applied, which reserves its rights to revise and/or supplement this Answer. Except as otherwise stated herein, Applied denies every allegation in the Complaint, including without limitation any factual averments in the Complaint's table of contents, headings, or subheadings. Applied further notes that any defined terms used in response to the Complaint refer to terms specifically defined in the Answer and not any defined terms used in the allegations set forth in the Complaint, unless otherwise stated herein.

The allegations in the first sentence of the Complaint's Preamble purport to describe or characterize the Complaint, which speaks for itself, and therefore require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Preamble.

1.      The allegations in Paragraph 1 purport to describe or characterize the Complaint, which speaks for itself, and therefore require no response.

2.      Applied admits the allegations in Paragraph 2.

3.      The allegations in the first sentence of Paragraph 3 state legal conclusions and therefore require no response. Applied admits that, during the dose-escalation phase of the ACTION-Galactosemia Kids Study ("Pediatric Study"), a limited number of patients received slightly lower dose levels than targeted.

4.      The allegations in Paragraph 4 state a legal conclusion and therefore require no response.

5.      Applied admits that Dr. Shendelman and Dr. Perfetti were listed as authors of the November 6, 2024 published results of the Pediatric Study. Applied further admits that at the time of the Pediatric Study and new drug application ("NDA") submission, govorestat was its lead drug candidate, and that the NDA (and Marketing Authorization Application to the European Medicines Agency) was the Company's first and only application for regulatory approval of one of its drug candidates. The first sentence of Paragraph 5 contains a vague and ambiguous statement that is not a factual allegation, and Applied therefore denies such statement and any allegations in the first sentence of Paragraph 5. The allegations in the second and fourth sentences of Paragraph 5 quote from and/or characterize selected excerpts from the Pediatric Study and Applied's public statements, albeit with the noted alterations. The full documents speak for themselves, and

2

therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Pediatric Study. The allegations in the fifth sentence of Paragraph 5 state legal conclusions and therefore require no response.

6.       Applied admits that it was familiar with the FDA's regulatory requirements for the NDA. The remaining allegations in Paragraph 6 appear to quote from and/or characterize selected excerpts from Applied's public statements and the transcript of the May 14, 2024 RBC Capital Markets Global Healthcare Conference, albeit with the noted alterations. The full documents speak for themselves, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcript of the May 14, 2024 RBC Capital Markets Global Healthcare Conference.

7.       The allegations in Paragraph 7 state legal conclusions and therefore require no response.

8.       The allegations in Paragraph 8 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Warning Letter, except that the Warning Letter uses the word "extent" rather than "extend."

9.       The allegations in the first and second sentences of Paragraph 9 purport to describe or characterize Applied's public statements, which speak for themselves, and therefore require no response. The allegations in the third sentence of Paragraph 9 state a legal conclusion and therefore require no response.

10.    Applied admits that a third-party vendor contracted by the Company deleted certain electronic study data results on March 27, 2024.  The remaining allegations in Paragraph 10 state a legal conclusion and therefore require no response.

11.    Applied admits that the FDA conducted inspections of some of its sites between April 1, 2024 and April 5, 2024, and April 29, 2024 and May 3, 2024.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.    Applied admits that on May 3, 2024, the FDA issued a Form 483.  Applied further admits the allegations in the first sentence of Footnote 1 of Paragraph 12.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 12.  The allegations in the second sentence of Footnote 1 and the second and third sentences of Paragraph 12 quote from and/or characterize selected excerpts from the Warning Letter and Form 483, albeit with the noted alterations.  The full documents speak for themselves, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter and Form 483.

13.    The allegations in Paragraph 13 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter, except that the Warning Letter uses the phrase "captures directly into" instead of "captured in."

14.    The allegations in the first and second sentences of Paragraph 14 state legal conclusions and therefore require no response.  The allegations in the third and fourth sentences

of Paragraph 14 quote from and/or characterize the Warning Letter, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Warning Letter.

15. The allegations in Paragraph 15 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Warning Letter.

16. To the extent the allegations in Paragraph 16 state legal conclusions regarding Applied's awareness of the specified topics or alleged violations of "FDA regulations," they require no response. The remaining allegations in Paragraph 16 appear to quote from and/or characterize selected excerpts from the transcripts of the May 14, 2024 RBC Capital Markets Global Healthcare Conference, the September 10, 2024 Baird Global Healthcare Conference, and the November 12, 2024 UBS Global Healthcare Conference, albeit with the noted alterations. The full documents speak for themselves, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcripts of the May 14, 2024 RBC Capital Markets Global Healthcare Conference and the September 10, 2024 Baird Global Healthcare Conference; admits that the allegations accurately quote the second excerpt from the transcript of the November 12, 2024 UBS Global Healthcare Conference; and denies that the allegations accurately quote the first excerpt from the transcript of the November 12, 2024 UBS Global Healthcare Conference.

17. Applied admits the allegations in the first sentence of Paragraph 17. Applied further admits that, on May 9, 2024, it issued a press release and filed a Form 8-K with the SEC.

The remaining allegations in Paragraph 17 appear to quote from and/or characterize selected excerpts from Applied's May 9, 2024 press release and Form 8-K.  The full documents speak for themselves, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's May 9, 2024 press release and Form 8-K.

18.    The allegations in Paragraph 18 appear to quote from and/or characterize selected excerpts from Applied's August 7, 2024 Form 10-Q filed with the SEC.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's August 7, 2024 Form 10-Q.

19.    Applied admits that, on September 18, 2024, it issued a press release and participated in the Cantor Fitzgerald Global Healthcare Conference.  The remaining allegations in Paragraph 19 appear to quote from and/or characterize Applied's September 18, 2024 press release and the transcript of the September 18, 2024 Cantor Fitzgerald Global Healthcare Conference.  The full documents speak for themselves, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the transcript of the September 18, 2024 Cantor Fitzgerald Global Healthcare Conference.

20.    The allegations in Paragraph 20 purport to describe or characterize Applied's September 18, 2024 press release and the transcript of the September 18, 2024 Cantor Fitzgerald Global Healthcare Conference, which speak for themselves, and therefore the allegations require no response.

21.    The allegations in Paragraph 21 state legal conclusions and therefore require no response.

22.     The allegations in the first sentence of Paragraph 22 state legal conclusions and therefore require no response.  Applied admits that on January 2, 2024, and November 27, 2024, the Company's stock closed at $3.64 and $8.57, respectively.  Applied further admits that the Company's stock reached a Class Period high price of $10.624 per share on November 11, 2024.  Applied further admits that the FDA issued a Complete Response Letter ("CRL") on November 27, 2024.  Applied denies the remaining allegations of Paragraph 22.

23.     Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23, and therefore they require no response.  Applied admits that, during the Class Period, Dr. Shendelman sold 1,157,382 shares of Applied common stock for total proceeds of $6,696,111.64.  The remaining allegations in the second sentence of Paragraph 23 state legal conclusions and therefore require no response.  Applied admits the allegations in the third, fourth, and fifth sentences of Paragraph 23.

24.     Applied admits that the FDA issued and Applied received a CRL on November 27, 2024.  Applied further admits that the FDA sent Dr. Shendelman the Warning Letter on November 27, 2024.  Applied further admits that it issued a press release on November 27, 2024.  The allegations in Paragraph 24 otherwise quote from and/or characterize selected excerpts from Applied's November 27, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's November 27, 2024 press release.  To the extent the allegations in Paragraph 24 state legal conclusions, they require no response.

25.     Applied admits that the Company's stock price closed at $2.03 per share on November 29, 2024, from a previous closing price of $8.57 per share on November 27, 2024,

which amounted to a decline of $6.54 per share, or 76.3%. The remaining allegations regarding the trading volume are characterizations that require no response.

26.     Applied admits that the Company's stock price closed at $1.75 per share on December 2, 2024, from a previous closing price of $2.03 per share on November 29, 2024, which amounted to a decline of $0.28 per share. The remaining allegations in the first sentence of Paragraph 26 are characterizations that require no response. Applied further admits that it filed a Form 8-K with the SEC on December 2, 2024. The remaining allegations in the second sentence of Paragraph 26 purport to describe or characterize Applied's December 2, 2024 Form 8-K, which speaks for itself, and therefore the allegations require no response.

27.     Applied admits that the FDA posted a copy of the Warning Letter on December 3, 2024. Applied further admits that the Company's stock closed at $1.38 per share on December 4, 2024, from a previous closing price of $1.75 per share on December 2, 2024, which amounted to a decline of $0.37 per share, or 21.1%. The remaining allegations in the first and second sentences of Paragraph 27 quote from and/or characterize selected excerpts from the Warning Letter and unspecified reports from "news outlets." The full documents speak for themselves, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Warning Letter. The allegations in the third sentence of Paragraph 27 regarding the trading volume are characterizations that require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 27.

28.     Applied admits that on December 5, 2024, Stat News published an article titled "Why Applied Therapeutics has a credibility problem" (the "December 5 Stat News Article"). Applied further admits that the Company's stock price closed at $1.29 per share on December 5,

2024, from a previous closing price of $1.38 per share on December 4, 2024, which amounted to a decline of $0.09 per share, or 6.5%. The remaining allegations in the first sentence of Paragraph 28 quote from and/or characterize selected excerpts from the December 5 Stat News Article. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the December 5 Stat News Article. The allegations in the second sentence of Paragraph 28 regarding the trading volume are characterizations that require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 28.

29.     The allegations in Paragraph 29 state legal conclusions and therefore require no response.

30.     Applied admits that on December 20, 2024, it issued a press release and filed a Form 8-K with the SEC. The full documents speak for themselves, and therefore the remaining allegations in the first sentence of Paragraph 30 do not require a response. Applied further admits that the Company's stock price closed at $0.88 per share on December 20, 2024, from a previous closing price of $1.02 per share on December 19, 2024, which amounted to a decline of $0.14 per share, or 13.7%. The allegations in the second sentence of Paragraph 30 regarding the trading volume are characterizations that require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 30.

31.     Applied admits that the Company's stock price closed at $8.57 per share on November 27, 2024, and that the Company's stock price closed at $0.88 per share on December

20, 2024, which amounted to a decline of $7.69 per share, or 89.7%.  The remaining allegations in Paragraph 31 state legal conclusions and therefore require no response.

32.     The allegations in Paragraph 32 state legal conclusions and therefore require no response.

33.     The allegations in Paragraph 33 state legal conclusions and therefore require no response.

34.     The allegations in Paragraph 34 state legal conclusions and therefore require no response.

35.     Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.  Any remaining allegations in Paragraph 35 state legal conclusions, which require no response.

36.     Applied admits the allegations in Paragraph 36.

37.     Applied admits that Dr. Shendelman is the founder of the Company and served during the Class Period as the Company's Chief Executive Officer ("CEO"), President, Secretary, and Chair of the Board of the Directors ("Board").  Applied further admits that Dr. Shendelman received her B.S. in biochemistry from Brandeis University and a Ph.D. in Cellular, Molecular and Biophysical Studies from Columbia University.  Applied further admits that Dr. Shendelman resigned from her positions as CEO, President, Secretary, and Chair of the Board on December 19, 2024.  The remaining allegations in Paragraph 37 state legal conclusions and therefore require no response.

38.     Applied admits that Dr. Perfetti was the Chief Medical Officer ("CMO") during the Class Period.  Applied further admits that, as CMO, Dr. Perfetti was among those responsible for overseeing the Company's clinical development activities.  Applied further admits that Dr. Perfetti

received his M.D. and Ph.D. in Endocrinology from University La Sapienza in Rome, Italy and received post-graduate training in endocrinology and molecular biology at the National Institutes of Health ("NIH").  The allegations in the last sentence of Paragraph 38 state legal conclusions and therefore require no response.

39.    The allegations in Paragraph 39 state legal conclusions and therefore require no response.

40.    The allegations in Paragraph 40 state a legal conclusion and therefore require no response.

41.    Applied admits the allegations in Paragraph 41.

42.    Applied admits the allegations in Paragraph 42.

43.    Applied admits the allegations in Paragraph 43.

44.    The allegations in the first and second sentences of Paragraph 44 appear to describe or characterize Applied's public statements, which speak for themselves, and therefore require no response.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 44.

45.    Applied admits that on March 6, 2024, it filed a Form 10-K with the SEC.  The allegations in the first sentence of Paragraph 45 otherwise purport to quote from and/or characterize selected excerpts from Applied's March 6, 2024, Form 10-K, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's March 6, 2024, Form 10-K.

46.    Applied admits the allegations in Paragraph 46.

47.     The allegations in the first sentence of Paragraph 47 state a legal conclusion and therefore require no response.  The remaining allegations in Paragraph 47 quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's March 6, 2024 Form 10-K.

48.     Applied admits the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's March 6, 2024 Form 10-K.

50.     Applied admits the allegations in Paragraph 50.

51.     Applied admits the allegations in Paragraph 51.

52.     Applied admits the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 appear to quote from and/or characterize selected excerpts from an article titled "Safety, Pharmacokinetics, and Pharmacodynamics of the New Aldose Reductase Inhibitor Govorestat (AT-007) After a Single and Multiple Doses in Participants in a Phase 1/2 Study," published on July 10, 2024 in The Journal of Clinical Pharmacology.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the article.

54.     Applied admits the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 appear to quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's March 6, 2024  Form 10-K.

56.     Applied admits the allegations in Paragraph 56.

57.     Applied admits the allegations in Paragraph 57.

58.     Applied admits the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 appear to quote from and/or characterize selected excerpts from an article titled "Results of the ACTION-Galactosemia Kids Study to Evaluate the Effects of Govorestat in Pediatric Patients with Classic Galactosemia," published on November 6, 2024 in The Journal of Clinical Pharmacology ("November 6, 2024 Pediatric Study Results").  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the article.

60.     The allegations in Paragraph 60 purport to describe or characterize the November 6, 2024 Pediatric Study Results, which speak for themselves, and therefore the allegations require no response.

61.     Applied admits the allegations in Paragraph 61.

62.     Applied admits that, on December 28, 2023, it submitted a NDA for govorestat for the treatment of Classic Galactosemia to the FDA.

63.     The allegations in Paragraph 63 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and

therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

64.    The allegations in Paragraph 64 state a legal conclusion and therefore require no response.

65.    Applied admits that, during the dose-escalation phase of the Pediatric Study, a limited number of patients received slightly lower dose levels than targeted.  The remaining allegations in Paragraph 65 appear to quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

66.    The allegations in the first sentence of Paragraph 66 purport to describe or characterize Applied's NDA for govorestat for the treatment of Classic Galactosemia, which speaks for itself, and therefore the allegations require no response.  The remaining allegations in Paragraph 66 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

67.    The allegations in Paragraph 67 state a legal conclusion and therefore require no response.  The allegations in Paragraph 67 also quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

68.     The allegations in Paragraph 68 state a legal conclusion and therefore require no response.

69.     Applied admits that Dr. Shendelman and Dr. Perfetti were listed as authors in the November 6, 2024 Pediatric Study Results and were involved in designing the Pediatric Study and reviewing the resulting data.  Applied further admits that at the time the NDA was prepared and submitted, govorestat was Applied's lead drug candidate.  Applied further admits that govorestat to treat Classic Galactosemia was the first drug indication that Applied sought to commercialize. The allegations in the third sentence of Paragraph 69 purport to quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the March 6, 2024 Form 10-K.

70.     The allegations in Paragraph 70 state a legal conclusion and therefore require no response.

71.     Applied admits that, on March 19, 2025, the Company announced that it had hired Todd F. Baumgartner, MD, MPH as Chief Regulatory Officer of Applied.  Applied further admits that, during the Class Period, Dr. Shendelman and Dr. Perfetti were involved with the oversight of regulatory affairs and strategy at Applied.  The remaining allegations in Paragraph 71 state a legal conclusion and therefore require no response.

72.     The allegations in Paragraph 72 state a legal conclusion and therefore require no response.

73.     The allegations in the first sentence of Paragraph 73 state legal conclusions and therefore require no response.  The remaining allegations in Paragraph 73 quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K, albeit with the noted

alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from Applied's March 6, 2024 Form 10-K.

74. The allegations in Paragraph 74 appear to quote from and/or characterize selected excerpts from the May 14, 2024 RBC Healthcare Conference transcript. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the May 14, 2024 RBC Healthcare Conference transcript. The allegations in the final sentence of Paragraph 74 state legal conclusions and therefore require no response.

75. The allegations in Paragraph 75 state a legal conclusion and therefore require no response.

76. The allegations in the first sentence of Paragraph 76 state a legal conclusion and therefore require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 76.

77. Applied admits the allegations in Paragraph 77.

78. The allegations in Paragraph 78 quote from and/or characterize selected excerpts from the Company's January 3, 2024 Form 8-K filing and press release, albeit with the noted alterations. The full documents speak for themselves, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Company's January 3, 2024 Form 8-K filing and press release. To the extent the allegations in Footnote 2 in Paragraph 78 purport to describe or characterize the Complaint, which speaks for itself, the allegations require no response.

79.     The allegations in Paragraph 79 quote from and/or characterize selected excerpts from the Company's January 3, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's January 3, 2024 press release.

80.     The allegations in Paragraph 80 state legal conclusions and therefore require no response.

81.     The allegations in Paragraph 81 state legal conclusions and therefore require no response.

82.     The allegations in Paragraph 82 state legal conclusions and therefore require no response.

83.     Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     Applied admits the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 state legal conclusions and therefore require no response.

87.     Applied admits that, on February 28, 2024, it issued a press release titled "Applied Therapeutics Announces $100 Million Private Placement."   The remaining allegations in Paragraph 87 quote from and/or characterize selected excerpts from the Company's February 28, 2024 press release.  The full document speaks for itself, and therefore the allegations do not require

a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's February 28, 2024 press release.

88.     Applied admits that, on February 29, 2024, it filed a Form 8-K with the SEC.  The remaining allegations in Paragraph 88 purport to describe or characterize the Company's February 29, 2024 Form 8-K filing, which speaks for itself, and therefore the allegations require no response.

89.     The allegations in Paragraph 89 quote from and/or characterize selected excerpts from the Company's February 28, 2024 press release and February 29, 2024 Form 8-K filing, albeit with the noted alterations.  The full documents speak for themselves, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's February 28, 2024 press release and February 29, 2024 Form 8-K filing.  The remaining allegations in Paragraph 89 state legal conclusions and therefore require no response.

90.     The allegations in Paragraph 90 quote from and/or characterize selected excerpts from the Company's February 28, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's February 28, 2024 press release.

91.     The allegations in Paragraph 91 state legal conclusions and therefore require no response.

92.     The allegations in Paragraph 92 state legal conclusions and therefore require no response.

93.     The allegations in Paragraph 93 state legal conclusions and therefore require no response.

94.     Applied admits the allegations in Paragraph 94.

95.     Applied admits the allegations in Paragraph 95.

96.     Applied admits the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 quote from and/or characterize selected excerpts from the Company's March 6, 2024 press release and Form 10-K filing, albeit with the noted alterations. The full documents speak for themselves, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Company's March 6, 2024 press release and Form 10-K filing. The remaining allegations in Paragraph 97 state legal conclusions and therefore require no response.

98.     The allegations in Paragraph 98 quote from and/or characterize selected excerpts from the Company's March 6, 2024 press release, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Company's March 6, 2024 press release.

99.     The allegations in Paragraph 99 quote from and/or characterize selected excerpts from the Company's March 6, 2024 press release, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the Company's March 6, 2024 press release.

100.    The allegations in Paragraph 100 state legal conclusions and therefore require no response.

101.    The allegations in Paragraph 101 state legal conclusions and therefore require no response.

102.     The allegations in Paragraph 102 state legal conclusions and therefore require no response.

103.     The allegations in Paragraph 103 quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the March 6, 2024 Form 10-K.

104.     The allegations in Paragraph 104 state legal conclusions and therefore require no response.

105.     The allegations in Paragraph 105 quote from and/or characterize selected excerpts from Exhibit 31.1 to the  March 6, 2024 Form 10-K.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Exhibit 31.1 to the March 6, 2024 Form 10-K.

106.     The allegations in Paragraph 106 state legal conclusions and therefore require no response.

107.     Applied admits that Dr. Shendelman sold 318, 573 shares of Applied common stock at $5.39 per share for proceeds of $1,717,108.47.  Applied further admits that the sale constituted 3.76% of Dr. Shendelman's pre-sale holdings.  The remaining allegations in Paragraph 107 state legal conclusions and therefore require no response.

108.     Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.     Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 quote from and/or characterize the March 11, 2024 8-K and attached Investor Presentation, albeit with the noted alterations.  The full documents speak for themselves, and therefore the allegations do not require a response. To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the  March 11, 2024 8-K and attached Investor Presentation.

111.     The allegations in Paragraph 111 quote from and/or characterize the March 11, 2024 Investor Presentation, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately characterize excerpts from the March 11, 2024 Investor Presentation.

112.    The allegations in Paragraph 112 state legal conclusions and therefore require no response.

113.    The allegations in Paragraph 113 quote from and/or characterize selected excerpts from the March 28, 2024 press release, albeit with alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the March 28, 2024 press release.

114.    The allegations in Paragraph 114 describe and/or characterize the March 29, 2024 8-K.  The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required:  Applied admits that the allegations accurately characterize excerpts from the March 29, 2024 8-K.

115.    The allegations in Paragraph 115 quote from and/or characterize the March 28, 2024 press release and the Form 8-K issued on March 29, 2024, which speak for themselves, and

therefore the allegations require no response.  The remaining allegations in Paragraph 115 state legal conclusions and therefore require no response.

116.    The allegations in Paragraph 116 quote from and/or characterize the March 28, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately characterize excerpts from the  March 28, 2024 press release.

117.    The allegations in Paragraph 117 state legal conclusions and therefore require no response.

118.    The allegations in Paragraph 118 state legal conclusions and therefore require no response.

119.    The allegations in Paragraph 119 state legal conclusions and therefore require no response.

120.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122.    The allegations in Paragraph 122 quote from and/or characterize selected excerpts from Applied's April 15, 2024 press release.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the April 15, 2024 press release.

123.    The allegations in Paragraph 123 state legal conclusions and therefore require no response.

124.    The allegations in Paragraph 124 state legal conclusions and therefore require no response.

125.    The allegations in Paragraph 125 state legal conclusions and therefore require no response.

126.    Applied admits that, on April 22, 2024, it re-filed its March 6, 2024 Form 10-K with the SEC.  The document speaks for itself, and therefore the remaining allegations in Paragraph 126 require no response.

127.    The allegations in Paragraph 127 describe and/or characterize the Warning Letter, which speaks for itself, and therefore the allegations require no response.

128.    The allegations in Paragraph 128 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

129.    The allegations in Paragraph 129 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

130.    The allegations in Paragraph 130 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

131.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    The allegations in Paragraph 132 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

133.    The allegations in Paragraph 133 state legal conclusions and therefore require no response.

134.    The allegations in Paragraph 134 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

135.    Applied admits that the FDA gave the Form 483 to Applied on May 3, 2024.  The allegations in Paragraph 135 otherwise quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

136.    The allegations in Paragraph 136 describe or characterize the Form 483 dated May 3, 2024.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately describe the Form 483.

137.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding who prepared the Form 483, and therefore denies them.  The remaining allegations in Paragraph 137 purport to describe or characterize Form 483, which speaks for itself, and therefore the allegations require no response.

138.    The allegations in Paragraph 138 quote from and/or characterize selected excerpts from the Form 483, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Form 483.

139.    The allegations in Paragraph 139 state legal conclusions and therefore require no response.

140.    The allegations in Paragraph 140 and Footnote 3 appear to quote from or characterize the FDA's website, which speaks for itself, and therefore the allegations require no response.

141.    Applied admits that the Company responded to the FDA on May 9, 2024.  The allegations in Paragraph 141 otherwise quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

142.    The allegations in Paragraph 142 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

143.    The allegations in Paragraph 143 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.  The remaining allegations in Paragraph 143 state legal conclusions and therefore require no response.

144.    The allegations in the first sentence of Paragraph 144 are a characterization that requires no response.  The allegations in Paragraph 144 otherwise quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

145.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 145.  The remaining allegations in Paragraph 145 quote from and/or characterize selected excerpts from the Warning Letter, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

146.    The allegations in the first sentence of Paragraph 146 are characterizations of the Company's disclosures during the Class Period, which speak for themselves and therefore require no response.  The remaining allegations in Paragraph 146 state legal conclusions and therefore require no response.

147.    Applied admits the allegations in the first sentence of Paragraph 147, except for the characterization of the referenced statement as an "FS" or false statement.  The remaining allegations in Paragraph 147 state a legal conclusion and therefore require no response.

148.    The allegations in Paragraph 148 describe and/or characterize the May 9, 2024 press release and the Form 8-K filed on May 9, 2024, attaching a copy of the May 9, 2024 press release.  The full documents speak for themselves, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately

describe and/or characterize the May 9, 2024 press release and the Form 8-K filed on May 9, 2024, attaching a copy of the May 9, 2024 press release.

149.    The allegations in Paragraph 149 describe and/or characterize the Form 10-Q filed on May 9, 2024.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately describe and/or characterize the Form 10-Q filed on May 9, 2024.

150.    Applied admits the May 9, 2024 press release and Form 10-Q restated FS1, except for the characterization of the referenced statement as an "FS" or false statement.  The allegations in Paragraph 150 quote from and/or characterize selected excerpts from the May 9, 2024 press release and May 9, 2024 Form 10-Q.  The full documents speak for themselves and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's May 9, 2024 press release and May 9, 2024 Form 10-Q.  The remaining allegations in Paragraph 150 state a legal conclusion and therefore require no response.

151.    The allegations in Paragraph 151 quote from and/or characterize selected excerpts from Applied's May 9, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's May 9, 2024 press release.

152.    The allegations in Paragraph 152 state legal conclusions and therefore require no response.

153.    The allegations in Paragraph 153 state legal conclusions and therefore require no response.

154.    The allegations in Paragraph 154 state legal conclusions and therefore require no response.

155.    The allegations in Paragraph 155 quote from and/or characterize selected excerpts from Applied's May 9, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's May 9, 2024 press release.

156.    The allegations in Paragraph 156 appear to describe or characterize the FDA's website, which speaks for itself, and therefore the allegations require no response.

157.    The allegations in Paragraph 157 quote from and/or characterize selected excerpts from Applied's May 9, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's May 9, 2024 press release.

158.    The allegations in Paragraph 158 state legal conclusions and therefore require no response.

159.    The allegations in Paragraph 159 state legal conclusions and therefore require no response.

160.    The allegations in Paragraph 160 state legal conclusions and therefore require no response.

161.    The allegations in Paragraph 161 state legal conclusions and therefore require no response.

162.    The allegations in Paragraph 162 state legal conclusions and therefore require no response.

163.    The allegations in Paragraph 163 state legal conclusions and therefore require no response.

164.    The allegations in Paragraph 164 quote from and/or characterize selected excerpts from Applied's May 9, 2024 Form 10-Q, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's May 9, 2024 Form 10-Q.

165.    The allegations in Paragraph 165 state legal conclusions and therefore require no response.

166.    The allegations in Paragraph 166 quote from and/or characterize selected excerpts from Exhibit 31.1, which was attached to Applied's May 9, 2024 Form 10-Q, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Exhibit 31.1 to the Company's May 9, 2024 Form 10-Q.

167.    The allegations in Paragraph 167 state legal conclusions and therefore require no response.

168.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.

169.    Applied admits the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 quote from and/or characterize selected excerpts from the transcript of the May 14, 2024 RBC Capital Markets Global Healthcare Conference,

albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the transcript of the May 14, 2024 RBC Capital Markets Global Healthcare Conference.

171.    The allegations in Paragraph 171 quote from and/or characterize selected excerpts from the transcript of the May 14, 2024 RBC Capital Markets Global Healthcare Conference, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the transcript of the May 14, 2024 RBC Capital Markets Global Healthcare Conference.

172.    The allegations in Paragraph 172 state legal conclusions and therefore require no response.

173.    The allegations in Paragraph 173 state legal conclusions and therefore require no response.

174.    The allegations in Paragraph 174 state legal conclusions and therefore require no response.

175.    The allegations in Paragraph 175 state legal conclusions and therefore require no response.

176.    The allegations in Paragraph 176 state legal conclusions and therefore require no response.

177.    The allegations in Paragraph 177 state legal conclusions and therefore require no response.

178.    Applied admits the allegations in Paragraph 178.

179.    Applied admits the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 quote from and/or characterize selected excerpts from the transcript of Applied's June 6, 2024 annual general meeting, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the transcript of the Company's June 6, 2024 annual general meeting.

181.    Applied admits that on June 6, 2024, Dr. Shendelman sold 61,795 shares of Applied common stock at $4.32 per share, which amounted to 0.76% of her total holdings at the time.  The remaining allegations in Paragraph 181 state legal conclusions, which require no response.

182.    Applied admits the allegations in the first sentence of Paragraph 182.  The remaining allegations in Paragraph 182 otherwise quote from and/or characterize selected excerpts from Applied's July 1, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's July 1, 2024 press release.

183.    The allegations in Paragraph 183 state legal conclusions and therefore require no response.

184.    The allegations in Paragraph 184 state legal conclusions and therefore require no response.

185.    The allegations in Paragraph 185 state legal conclusions and therefore require no response.

186.    The allegations in Paragraph 186 state legal conclusions and therefore require no response.

187.    The allegations in Paragraph 187 state legal conclusions and therefore require no response.

188.    The allegations in Paragraph 188 state legal conclusions and therefore require no response.

189.    The allegations in Paragraph 189 state legal conclusions and therefore require no response.

190.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190.

191.    Applied admits the allegations in Paragraph 191.

192.    Applied admits the allegations in Paragraph 192.

193.    Applied admits that Applied's August 7, 2024 press release and Form 10-Q each restated FS1 (albeit with some alterations in the former), except for the characterization of the referenced statement as an "FS" or false statement.  The allegations in Paragraph 193 otherwise state legal conclusions and therefore require no response.

194.    Applied admits that Applied's August 7, 2024 press release restated FS17, except for the characterization of the referenced statement as an "FS" or false statement.  The allegations in Paragraph 194 otherwise state legal conclusions and therefore require no response.

195.    The allegations in Paragraph 195 quote from and/or characterize selected excerpts from Applied's August 7, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's August 7, 2024 press release.

196.    The allegations in Paragraph 196 quote from and/or characterize selected excerpts from Applied's August 7, 2024 Form 10-Q, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's August 7, 2024 Form 10-Q.

197.    The allegations in Paragraph 197 state legal conclusions and therefore require no response.

198.    The allegations in Paragraph 198 quote from and/or characterize selected excerpts from Applied's August 7, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's August 7, 2024 press release.

199.    The allegations in Paragraph 199 state legal conclusions and therefore require no response.

200.    The allegations in Paragraph 200 state legal conclusions and therefore require no response.

201.    The allegations in Paragraph 201 state legal conclusions and therefore require no response.

202.    The allegations in Paragraph 202 state legal conclusions and therefore require no response.

203.    The allegations in Paragraph 203 state legal conclusions and therefore require no response.

204.    Applied admits that the Company's August 7, 2024 Form 10-Q restated the risk factor from the Company's  August 7, 2024 Form 10-Q.  The remaining allegations in Paragraph 204 state legal conclusions and therefore require no response.

205.    The allegations in Paragraph 205 appear to quote from and/or characterize selected excerpts from the Company's August 7, 2024 Form 10-Q, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Company's August 7, 2024 Form 10-Q.

206.    The allegations in Paragraph 206 state legal conclusions and therefore require no response.

207.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 state legal conclusions and therefore require no response.

209.    Applied admits that, on August 9, 2024, Dr. Shendelman executed a Form 144, Notice of Proposed Sale of Securities, that was filed with the SEC, which stated that she intended to sell one million shares of Applied common stock with an aggregate market value of $6.21 million on or around August 12, 2024.  The remaining allegations in Paragraph 209 state legal conclusions and therefore require no response.

210.    Applied admits that, on August 12, 2024, Dr. Shendelman sold 300,000 shares of Applied common stock at an average price of $5.98 per share and for total proceeds of $1,794,000. The remaining allegations in Paragraph 210 state legal conclusions and therefore require no response.

211.    Applied admits that, on August 13, 2024, Dr. Shendelman sold 357,423 shares of Applied common stock at an average price of $6.18 per share and for total proceeds of $2,208,874.14.  The remaining allegations in Paragraph 211 state legal conclusions and therefore require no response.

212.    Applied admits that, on August 14, 2024, Dr. Shendelman sold 119,591 shares of Applied common stock at an average price of $5.93 per share and for total proceeds of $709,174.63.  The remaining allegations in Paragraph 212 state legal conclusions and therefore require no response.

213.    Applied admits the allegations in Paragraph 213.

214.    Applied admits the allegations in Paragraph 214.

215.    The allegations in Paragraph 215 state legal conclusions and therefore require no response.

216.    Applied admits the allegations in Paragraph 216.

217.    Applied admits the allegations in Paragraph 217.

218.    The allegations in Paragraph 218 purport to describe or characterize Applied's communications with the FDA, which speak for themselves and therefore the allegations require no response.

219.    Applied admits the allegations in Paragraph 219.

220.    The allegations in Paragraph 220 purport to describe or characterize Applied's communications with the FDA, which speak for themselves and therefore the allegations require no response.

221. The allegations in the first and second sentences of Paragraph 221 state legal conclusions and therefore require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221.

222. The allegations in Paragraph 222 purport to describe or characterize the Company's disclosures during the Class Period, which speak for themselves and therefore the allegations require no response.

223. Applied admits the allegations in Paragraph 223.

224. Applied admits the allegations in Paragraph 224.

225. The allegations in Paragraph 225 state legal conclusions and therefore require no response.

226. The allegations in the second clause of the second sentence of Paragraph 226 purport to describe or characterize the Company's disclosures during the Class Period, which speak for themselves, and therefore the allegations require no response. Applied admits the remaining allegations in Paragraph 226.

227. The allegations in Paragraph 227 appear to quote from and/or characterize selected excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference.

228. The allegations in Paragraph 228 appear to quote from and/or characterize selected excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not

require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference.

229.    The allegations in Paragraph 229 appear to quote from and/or characterize selected excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference.

230.    The allegations in Paragraph 230 appear to quote from and/or characterize selected excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference.

231.    The allegations in Paragraph 231 appear to quote from and/or characterize selected excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the transcript of the September 10, 2024 Baird Global Healthcare Conference.

232.    The allegations in Paragraph 232 state legal conclusions and therefore require no response.

233.    The allegations in Paragraph 233 state legal conclusions and therefore require no response.

234.    The allegations in Paragraph 234 state legal conclusions and therefore require no response.

235.    The allegations in Paragraph 235 state legal conclusions and therefore require no response.

236.    The allegations in Paragraph 236 state legal conclusions and therefore require no response.

237.    The allegations in Paragraph 237 quote from and/or characterize selected excerpts from Applied's September 18, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's September 18, 2024 press release.

238.    The allegations in the second clause of the second sentence of Paragraph 238 purport to describe or characterize the Company's disclosures during the Class Period, which speak for themselves, and therefore the allegations require no response.  Applied admits the remaining allegations in Paragraph 238.

239.    The allegations in Paragraph 239 appear to quote from and/or characterize selected excerpts from the transcript of the September 18, 2024 Cantor Global Healthcare Conference, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the transcript of the September 18, 2024 Cantor Global Healthcare Conference.

240.    The allegations in Paragraph 240 state legal conclusions and therefore require no response.

241.    The allegations in Paragraph 241 state legal conclusions and therefore require no response.

242.    The allegations in Paragraph 242 state legal conclusions and therefore require no response.

243.    The allegations in Paragraph 243 state legal conclusions and therefore require no response.

244.    The allegations in Paragraph 244 state legal conclusions and therefore require no response.

245.    The allegations in Paragraph 245 state legal conclusions and therefore require no response.

246.    The allegations in Paragraph 246 state legal conclusions and therefore require no response.

247.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 247.  Applied admits the remaining allegations in Paragraph 247.

248.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248.

249.    Applied admits the allegations in Paragraph 249.

250.    The allegations in the first sentence of Paragraph 250 state a legal conclusion and therefore require no response.  The remaining allegations in Paragraph 250 appear to quote from and/or characterize selected excerpts from the November 6, 2024 Pediatric Study Results, albeit

with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the November 6, 2024 Pediatric Study Results.

251.    Applied admits the allegations in Paragraph 251.

252.    The allegations in the first sentence of Paragraph 252 purport to describe or characterize the November 6, 2024 Pediatric Study Results, which speaks for itself, and therefore the allegations require no response.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 252 related to the knowledge of Dr. Shendelman or Dr. Perfetti.  The remaining allegations in Paragraph 252 state legal conclusions and therefore require no response.

253.    The allegations in Paragraph 253 describe and/or characterize selected excerpts from the November 7, 2024 press release and Form 8-K filed on November 7, 2024.  The full documents speak for themselves, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately describe excerpts from the November 7, 2024 press release and Form 8-K filed on November 7, 2024.

254.    The allegations in Paragraph 254 describe and/or characterize the Form 10-Q filed on November 7, 2024.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately describe  excerpts from the Form 10-Q filed on November 7, 2024.

255.    Applied admits that the November 7, 2024 press release substantially restated FS1, except for the characterization of the referenced statement as an "FS" or false statement.  Applied further admits that the November 7, 2024 Form 10-Q restated FS1, except for the characterization

of the referenced statement as an "FS" or false statement.  The remaining allegations in Paragraph 255 state legal conclusions and therefore require no response.

256.    Applied admits that the November 7, 2024 Form 10-Q restated FS36, except for the characterization of the referenced statement as an "FS" or false statement.  The remaining allegations in Paragraph 256 state legal conclusions and therefore require no response.

257.    Applied admits that the November 7, 2024 Form 10-Q restated FS19, except for the characterization of the referenced statement as an "FS" or false statement.  The remaining allegations in Paragraph 257 state legal conclusions and therefore require no response.

258.    The allegations in Paragraph 258 quote from and/or characterize selected excerpts from the November 7, 2024 press release, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the November 7, 2024 press release.

259.    The allegations in Paragraph 259 state legal conclusions and therefore require no response.

260.    The allegations in Paragraph 260 state legal conclusions and therefore require no response.

261.    The allegations in Paragraph 261 state legal conclusions and therefore require no response.

262.    The allegations in Paragraph 262 state legal conclusions and therefore require no response.

263.    The allegations in Paragraph 263 state legal conclusions and therefore require no response.

264.    Applied admits that it attached to the November 7, 2024 Form 10-Q as Exhibit 31.1 the signed certification by Dr. Shendelman dated November 7, 2024.  The allegations in Paragraph 264 quote from and/or characterize selected excerpts from Exhibit 31.1, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Exhibit 31.1, and Applied denies without limitation that the certification was dated August 7, 2024.

265.    The allegations in Paragraph 265 state legal conclusions and therefore require no response.

266.    Applied admits the allegations in the first sentence of Paragraph 266.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 266.  The remaining allegations in Paragraph 266 appear to quote from and/or characterize selected excerpts from Dr. Shendelman's remarks at the November 12, 2024 UBS Global Healthcare Conference, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied denies that the allegations accurately quote from Dr. Shendelman's remarks at the November 12, 2024 UBS Global Healthcare Conference.

267.    The allegations in Paragraph 267 state legal conclusions and therefore require no response.

268.    The allegations in Paragraph 268 state legal conclusions and therefore require no response.

269.    The allegations in Paragraph 269 state legal conclusions and therefore require no response.

270.    The allegations in Paragraph 270 state legal conclusions and therefore require no response.

271.    The allegations in Paragraph 271 state legal conclusions and therefore require no response.

272.    The allegations in Paragraph 272 state legal conclusions and therefore require no response.

273.    The allegations in Paragraph 273 state legal conclusions and therefore require no response.

274.    Applied admits that it issued a press release on November 27, 2024.  The allegations in Paragraph 274 quote from and/or characterize selected excerpts from Applied's November 27, 2024 press release.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's November 27, 2024 press release.

275.    The allegations in Paragraph 275 quote from and/or characterize selected excerpts from Applied's Form 8-K filed on November 27, 2024.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's Form 8-K filed on November 27, 2024.

276.    Applied admits that the FDA sent the Warning Letter to Dr. Shendelman on November 27, 2024.  Applied further admits that the Warning Letter was signed by David C. Burrow, Pharm.D., J.D., Director, Office of Scientific Investigations, Office of Compliance, Center for Drug Evaluation and Research, U.S. Food and Drug Administration, at 9:09:23 a.m.

The remaining allegations in Paragraph 276 state legal conclusions and therefore require no response.

277.    Applied admits that on December 2, 2024, it filed with the SEC a Form 8-K and disclosed that "[f]ollowing issuance of a Complete Response Letter (CRL), the Company received a warning letter limited to the AT-007-1002 study."  The allegations in the second sentence of Paragraph 277 purport to describe or characterize the Form 8-K that Applied filed with the SEC on December 2, 2024, which speaks for itself, and therefore the allegations require no response. The remaining allegations in Paragraph 277 state legal conclusions and therefore require no response.

278.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278.

279.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279.

280.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280.

281.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.

282.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282.

283.    Applied admits that its stock price closed at $8.57 on November 27, 2024 and at $2.03 on November 29, 2024.  Applied further admits that the trading volume on November 29, 2024 was approximately 43.9 million shares, more than 23 times the average trading volume of Applied common stock from the start of the Class Period through November 27, 2024.  The

allegations in Paragraph 283 regarding the size of the trading volume are characterizations that require no response. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 283.

284.    Applied admits the allegations in Paragraph 284.

285.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285.

286.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286.

287.    Applied admits that its stock price closed at $1.75 per share on December 2, 2024. Applied further admits that the trading volume on that date was nearly 16 times the average trading volume of Applied common stock from the start of the Class Period through November 27, 2024. Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 287.

288.    The allegations in Paragraph 288 quote from and/or characterize selected excerpts from the December 2, 2024 Form 8-K, albeit with the noted alterations. The full document speaks for itself, and therefore the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from the December 2, 2024 Form 8-K.

289.    The allegations in Paragraph 289 state legal conclusions and therefore require no response.

290.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 290. The remaining allegations in Paragraph 290 describe or characterize the Warning Letter, which speaks for itself, and therefore the

allegations require no response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from the Warning Letter.

291.    Applied admits that the Company's stock price closed at $1.75 per share on December 2, 2024, and $1.69 per share on December 3, 2024.  Applied further admits that the trading volume on that date was more than five times the average trading volume of Applied common stock from the start of the Class Period through November 27, 2024.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291.

292.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 292.

293.    Applied admits that its stock price closed at $1.38 on December 4, 2024.  Applied further admits that the trading volume on that date was more than 13.6 times the average trading volume of Applied common stock from the start of the Class Period through November 27, 2024.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 293.

294.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295.    Applied admits that the Company's stock price closed at $1.29 per share on December 5, 2024.  Applied further admits that the trading volume on that date was more than five times the average trading volume of Applied common stock from the start of the Class Period through November 27, 2024.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 295.

296.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296.

297.    The allegations in Paragraph 297 quote from and/or characterize selected excerpts from Applied's December 20, 2024 press release titled "Applied Therapeutics Appoints John H. Johnson as Executive Chairman," albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required: Applied admits that the allegations accurately quote excerpts from Applied's December 20, 2024 press release.

298.    Applied admits that it filed a Form 8-K with the SEC on December 20, 2024.  The allegations in Paragraph 298 quote from and/or characterize selected excerpts from Applied's December 20, 2024 Form 8-K, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required: Applied admits that the allegations accurately quote excerpts from Applied's December 20, 2024 Form 8-K.

299.    Applied admits that the Company's stock price closed at $0.88 per share on December 20, 2024.  Applied further admits that the trading volume on that date was more than seven times the average trading volume of Applied common stock from the start of the Class Period through November 27, 2024.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 299.

300.    Applied admits that on April 28, 2025, it filed its Definitive Proxy for its 2025 Annual Meeting of Stockholders.  The remaining allegations in Paragraph 300 quote from and/or characterize selected excerpts from Applied's Definitive Proxy for its 2025 Annual Meeting of Stockholders, albeit with the noted alterations.  The full document speaks for itself, and therefore

the allegations do not require a response. To the extent a response is required: Applied admits that the allegations accurately quote excerpts from Applied's Definitive Proxy for its 2025 Annual Meeting of Stockholders.

301. The allegations in Paragraph 301 state legal conclusions and therefore require no response.

302. The allegation in Paragraph 302 that Applied's stock price was "artificially inflated" states a legal conclusion and therefore requires no response. The remaining allegations in Paragraph 302 characterize the timing of Dr. Shendelman's sales of Applied stock, or her profits from such sales, and therefore require no response.

303. Applied admits the allegations in Paragraph 303.

304. Applied admits that during the Class Period, Dr. Perfetti sold 155,488 shares of Applied common stock for total proceeds of $824,516.75. Applied further admits that on March 14, 2024, Dr. Perfetti sold 110,804 shares of Applied common stock at a weighted average price of $5.39 per share for total proceeds of $597,233.56. Applied further admits that on June 6, 2024, Dr. Perfetti sold 22,003 shares of Applied common stock at an average price of $4.32 per share for total proceeds of $95,052.96. Applied further admits that on August 23, 2024, Dr. Perfetti sold 22,681 shares of Applied common stock at an average price of $5.83 per share for total proceeds of $132,230.23. Applied further admits that Dr. Perfetti's stock sales represented 13.61% of his total holdings of 1,142,341 shares at the beginning of the Class Period. The remaining allegations in Paragraph 304 state legal conclusions and therefore require no response.

305. The allegations in Paragraph 305 state legal conclusions and therefore require no response.

306.    Applied admits that Dr. Shendelman was granted 2,200,000 restricted shares of Applied common stock on December 21, 2023.

307.    Applied admits the allegations in Paragraph 307.

308.    Applied admits the allegations in Paragraph 308.

309.    Applied admits that between September 18, 2024, and October 15, 2024, the price of Applied common stock closed over $6.00 per share.  The allegations in the first sentence of Paragraph 309 otherwise state a legal conclusion and therefore require no response.  The second sentence of Paragraph 309 contains speculation, not factual allegations, and therefore requires no response.

310.    Applied admits that it issued a press release on September 18, 2024.  The allegations in Paragraph 310 purport to describe or characterize Applied's September 18, 2024 press release and Dr. Shendelman's statements at the September 18, 2024 Cantor Global Healthcare Conference, which speak for themselves, and therefore the allegations require no response.  The remaining allegations in Paragraph 310 state legal conclusions and therefore require no response.

311.    Applied admits that the Company's stock closed at $7.85 per share on September 18, 2024, from a previous closing price of $4.65 per share on September 17, 2024, which amounted to an increase of $3.20 per share, or 68.8%.  The remaining allegations in Paragraph 311 are a characterization and therefore require no response.

312.    The allegations in Paragraph 312 quote from and/or characterize selected excerpts from Applied's March 6, 2024 Form 10-K, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response

is required:  Applied admits that the allegations accurately quote excerpts from Applied's March 6, 2024 Form 10-K.

313.    Applied admits the allegations in Paragraph 313, except that the allegation in the first clause of the first sentence of Paragraph 313 is a characterization that requires no response.

314.    Applied admits the allegations in Paragraph 314.

315.    Applied admits that Dr. Shendelman and Dr. Perfetti were listed as co-authors of the Pediatric Study.  The remaining allegations in the first sentence of Paragraph 315 purport to describe or characterize the published results of the Pediatric Study, which speak for themselves, and therefore require no response.  The allegations in the second sentence of Paragraph 315 quote from and/or characterize selected excerpts from the published results of the Pediatric Study, albeit with the noted alterations.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied denies that the allegations accurately quote the first excerpt from the published results of the Pediatric Study, and admits that the allegations accurately quote the second excerpt from the published results of the Pediatric Study.

316.    The allegations in Paragraph 316 state legal conclusions and therefore require no response.

317.    The allegations in Paragraph 317 state legal conclusions and therefore require no response.

318.    Applied admits the allegations in Paragraph 318.

319.    The allegations in Paragraph 319 are characterizations that require no response.

320.    Applied admits the allegations in Paragraph 320.

321.    Applied denies the allegations in the first sentence of Paragraph 321.    The allegations in the second sentence of Paragraph 321 are characterizations that require no response.

322.    The allegations in Paragraph 322 purport to describe or characterize Applied's public statements, which speak for themselves, and therefore require no response.

323.    Applied admits the allegations in Paragraph 323.

324.    The allegations in Paragraph 324 state legal conclusions and therefore require no response.

325.    The allegations in Paragraph 325 state legal conclusions and therefore require no response.

326.    The allegations in Paragraph 326 state legal conclusions and therefore require no response.

327.    The allegations in Paragraph 327 purport to describe or characterize Applied's public statements, which speak for themselves, and therefore require no response.

328.    The allegations in Paragraph 328 state legal conclusions and therefore require no response.

329.    The allegations in Paragraph 329 state legal conclusions and therefore require no response.

330.    The allegations in Paragraph 330 state legal conclusions and therefore require no response.

331.    The allegations in Paragraph 331 state legal conclusions and therefore require no response.

332.    The allegations in Paragraph 332 state legal conclusions and therefore require no response.

333.    The allegations in Paragraph 333 state legal conclusions and therefore require no response.

334.    The allegations in Paragraph 334 state legal conclusions and therefore require no response.

335.    The allegations in Paragraph 335 state legal conclusions and therefore require no response.

336.    The allegations in Paragraph 336 state legal conclusions and therefore require no response.

337.    The allegations in the first sentence of Paragraph 337 state legal conclusions and therefore require no response.  The allegations in the second sentence of Paragraph 337 quote from and/or characterize selected excerpts from Applied's November 27, 2024 press release.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's November 27, 2024 press release.

338.    The allegations in the first sentence of Paragraph 338 purport to describe or characterize Applied's public statements during the Class Period, which speak for themselves and therefore the allegations require no response.  The allegations in the second sentence of Paragraph 338 quote from and/or characterize selected excerpts from Applied's November 27, 2024 press release.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote excerpts from Applied's November 27, 2024 press release.  Applied admits that the FDA sent the Warning Letter to Dr. Shendelman on November 27, 2024, but otherwise denies the allegations in the third sentence of Paragraph 338.

339.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339.

340.    Applied admits that the Company's stock price closed at $8.57 per share on November 27, 2024, $2.03 per share on November 29, 2024, and $1.75 per share on December 2, 2024, on above-average trading volume of more than 23 times the average trading volume during the specified time period.  The allegations in Paragraph 340 regarding the size of the trading volume are characterizations that require no response.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 340.

341.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341.

342.    Applied admits that on December 2, 2024, Applied filed a Form 8-K with the SEC and that, on December 3, 2024, the FDA posted a copy of the Warning Letter on its website.  The remaining allegations in Paragraph 342 state legal conclusions and therefore require no response.

343.    The allegations in Paragraph 343 quote from and/or characterize selected excerpts from the Warning Letter.  The full document speaks for itself, and therefore the allegations do not require a response.  To the extent a response is required:  Applied admits that the allegations accurately quote the Warning Letter.  The remaining allegations in Paragraph 343 state legal conclusions and therefore require no response.

344.    Applied admits that the Company's stock price closed at $1.69 per share on December 3, 2024, from a previous closing price of $1.75 per share on December 2, 2024, on above-average trading volume of more than five times the average trading volume during the specified time period.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 344.

345.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345.

346.    Applied admits that the Company's stock price closed at $1.38 per share on December 4, 2024, from a previous closing price of $1.69 per share on December 3, 2024, on above-average trading volume of more than 13.6 times the average trading volume during the specified time period.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 346.

347.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 347.

348.    Applied admits that the Company's stock price closed at $1.29 per share on December 5, 2024, from a previous closing price of $1.38 per share on December 4, 2024, on above-average trading volume of more than five times the average trading volume during the specified time period.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 348.

349.    Applied admits that the Company's stock price closed at $1.75 per share on December 2, 2024 and $1.29 per share on December 5, 2024.  The remaining allegations in Paragraph 349 state legal conclusions and therefore require no response.

350.    The allegations in Paragraph 350 state legal conclusions and therefore require no response.

351.    Applied admits the allegations in Paragraph 351.

352.    Applied admits that the Company's stock price closed at $0.88 per share on December 20, 2024, from a previous closing price of $1.02 per share on December 19, 2024, on above-average trading volume of more than seven times the average trading volume during the

specified time period.  Applied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 352.

353.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353.

354.    The allegations in Paragraph 354 state legal conclusions and therefore require no response.

355.    The allegations in Paragraph 355 state legal conclusions and therefore require no response.

356.    The allegations in Paragraph 356 state legal conclusions and therefore require no response.

357.    The allegations in Paragraph 357 state legal conclusions and therefore require no response.

358.    The allegations in Paragraph 358 state legal conclusions and therefore require no response.

359.    The allegations in Paragraph 359 state legal conclusions and therefore require no response.

360.    The allegations in Paragraph 360 state legal conclusions and therefore require no response.

361.    The allegations in Paragraph 361 state legal conclusions and therefore require no response.

362.    The allegations in Paragraph 362 state legal conclusions and therefore require no response.

363.     The allegations in Paragraph 363 state legal conclusions and therefore require no response.

364.     The allegations in Paragraph 364 state legal conclusions and therefore require no response.

365.     The allegations in Paragraph 365 state legal conclusions and therefore require no response.

366.     The allegations in Paragraph 366 state legal conclusions and therefore require no response.

367.     The allegations in Paragraph 367 state legal conclusions and therefore require no response.

368.     The allegations in the first and third sentences of Paragraph 368 state legal conclusions and therefore require no response.  Applied denies the allegations regarding authorship or authorization in the second sentence of Paragraph 368.  The remaining allegations in the second sentence of Paragraph 368 state legal conclusions and therefore require no response.

369.     The allegations in Paragraph 369 describe or characterize this action and the Complaint, which speaks for itself, and therefore require no response.

370.     The allegations in Paragraph 370 state legal conclusions and therefore require no response.

371.     The allegations in the first sentence of Paragraph 371 state legal conclusions and therefore require no response.  Applied admits the allegations in the second, third, and fourth sentences of Paragraph 371.

372.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 372. The remaining allegations in Paragraph 372 state legal conclusions and therefore require no response.

373.    The allegations in Paragraph 373 state legal conclusions and therefore require no response.

374.    Applied lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374. The allegations in Paragraph 374 also state legal conclusions and therefore require no response.

375.    The allegations in Paragraph 375 state legal conclusions and therefore require no response.

376.    The allegations in Paragraph 376 state legal conclusions and therefore require no response.

377.    Applied repeats and incorporates by reference each of its prior responses to Paragraphs 1 through 376, as though set forth herein in their entirety.

378.    The allegations in Paragraph 378 state legal conclusions and therefore require no response.

379.    The allegations in Paragraph 379 state legal conclusions and therefore require no response.

380.    The allegations in Paragraph 380 state legal conclusions and therefore require no response.

381.    The allegations in Paragraph 381 state legal conclusions and therefore require no response.

382.    The allegations in Paragraph 382 state legal conclusions and therefore require no response.

383.    The allegations in Paragraph 383 state legal conclusions and therefore require no response.

384.    The allegations in Paragraph 384 state legal conclusions and therefore require no response.

385.    The allegations in Paragraph 385 state legal conclusions and therefore require no response.

386.    The allegations in Paragraph 386 state legal conclusions and therefore require no response.

387.    The allegations in Paragraph 387 state legal conclusions and therefore require no response.

388.    The allegations in Paragraph 388 state legal conclusions and therefore require no response.

389.    The allegations in Paragraph 389 state legal conclusions and therefore require no response.

390.    Applied repeats and incorporates by reference each of its prior responses to Paragraphs 1 through 389, as though set forth herein in their entirety.

391.    The allegations in Paragraph 391 state legal conclusions and therefore require no response.

392.    The allegations in Paragraph 392 state legal conclusions and therefore require no response.

393.     The allegations in Paragraph 393 state legal conclusions and therefore require no response.

394.     Applied admits the allegations in Paragraph 394.

395.     The allegations in Paragraph 395 state legal conclusions and therefore require no response.

396.     The allegations in Paragraph 396 state legal conclusions and therefore require no response.

397.     The allegations in Paragraph 397 state legal conclusions and therefore require no response.

398.     The allegations in Paragraph 398 state legal conclusions and therefore require no response.

399.     The allegations in Paragraph 399 state legal conclusions and therefore require no response.

400.     The allegations in Paragraph 400 state legal conclusions and therefore require no response.

401.     The allegations in Paragraph 401 state legal conclusions and therefore require no response.

## **AFFIRMATIVE DEFENSES**

Applied does not waive any affirmative defenses and reserves the right to assert any and all affirmative or other defenses that may be available after reasonable discovery.

### First Affirmative Defense – Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

<u>Second Affirmative Defense – Good Faith</u>

Plaintiff's claims are barred, in whole or in part, because at all times, and with respect to all matters referenced herein, Applied acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported false or misleading nature of the alleged misstatements and omissions.

<u>Third Affirmative Defense – Forward-Looking Statements</u>

Plaintiff's claims are barred, in whole or in part, to the extent the alleged misstatements are nonactionable forward-looking statements under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-2(c)(1)(A), 78u-5(c)(1)(A).

<u>Fourth Affirmative Defense – Opinions</u>

Plaintiff's claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions.

<u>Fifth Affirmative Defense – Approved Sale</u>

Plaintiff's claims are barred, in whole or in part, because sales of Applied stock occurred pursuant to an approved 10b5-1 plan, or as automatically triggered upon option grants to cover taxes.

<u>Sixth Affirmative Defense – Incorporation by Reference</u>

Applied hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any of the other defendants in this action, to the extent that Applied may share in such a defense.

<u>Additional Defenses, Counterclaims, Cross-Claims, and Third-Party Claims</u>

Applied reserves the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted here that may become apparent through discovery or other investigation.

## **JURY DEMAND**

Applied hereby demands a trial by jury on all the issues so triable.


WHEREFORE, Applied respectfully requests that this Court dismiss the Complaint and Plaintiff's claims, enter judgment in favor of Applied and against Plaintiff, award Applied the reasonable attorneys' fees, costs, and expenses it has incurred in the defense of this action, and grant Applied any additional relief that is fair and appropriate.


Dated: May 23, 2025                    Respectfully submitted,

**WILMER CUTLER PICKERING
    HALE AND DORR LLP**

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
Tamar Kaplan-Marans
Ripley Shiarella
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(t) (212) 230-8800
(f) (212) 230-8888
michael.bongiorno@wilmerhale.com
tamar.kaplan-marans@wilmerhale.com
ripley.shiarella@wilmerhale.com

*Counsel for Applied Therapeutics, Inc.*