**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLIED THERAPEUTICS SECURITIES LITIGATION | Case No. 1:24-cv-09715 (DLC) (VF) |
| | **CLASS ACTION** |
| | **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANT RICCARDO PERFETTI'S MOTION TO DISMISS THE**
**SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**MCGUIREWOODS LLP**

1251 Avenue of the Americas
20th Floor
New York, New York 10020
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

*Counsel for Defendant Riccardo Perfetti*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .......................................................................................1

ARGUMENT..............................................................................................................3

    I.    Plaintiff's Opposition Does Not Cure the SAC's Failure to Adequately
        Plead Securities Fraud Against Dr. Perfetti..............................................................3

        A.    Dr. Perfetti Did Not Make Statements 1-3. ...............................................3

        B.    Statements 1-4 Are Not Actionable............................................................5

    II.    Plaintiff's Scienter Arguments Fail. .......................................................................7

        A.    Plaintiff's Generic Motive Theory Fails as a Matter of Law......................7

        B.    Plaintiff's Recklessness Allegations Also Fail. .........................................8

        C.    Plaintiff Does Not Allege Dr. Perfetti's Scienter With Particularity. .........9

    III.    Plaintiff Does Not Adequately Allege Loss Causation............................................9

    IV.    Plaintiff Fails to State a Claim for Control Person Liability Against Dr.
        Perfetti. ..............................................................................................................11

CONCLUSION...........................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Alkermes Pub. Ltd. Co. Sec. Litig.*,
    523 F. Supp. 3d 283 (E.D.N.Y. 2021)........................................................................................8

*In re Alstom SA Sec. Litig.*,
    454 F. Supp. 2d 187 (S.D.N.Y. 2006)......................................................................................11

*City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*,
    814 F. Supp. 2d 395 (S.D.N.Y. 2011)........................................................................................4

*In re CRM Holdings, Ltd. Sec. Litig.*,
    No. 10-CV-00975 (RPP), 2012 WL 1646888 (S.D.N.Y. May 10, 2012) ..............................10

*In re Delcath Sys. Sec. Litig.*,
    36 F. Supp. 3d 320 (S.D.N.Y. 2014).....................................................................................6, 11

*Dura Pharm., Inc. v. Broudo*,
    544 U.S. 336 (2005) ................................................................................................................10

*In re Eventbrite, Inc. Sec. Litig.*,
    No. 5:18-CV-02019 (EJD), 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020). ...........................6

*Frazier v. VitalWorks, Inc.*,
    341 F. Supp. 2d 142 (D. Conn. 2004). ......................................................................................7

*In re Gildan Activewear, Inc. Sec. Litig.*,
    636 F. Supp. 2d 261 (S.D.N.Y. 2009)........................................................................................7

*Gillis v. QRX Pharma Ltd.*,
    197 F. Supp. 3d 557 (S.D.N.Y. 2016)........................................................................................8

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
    564 U.S. 135 (2011) ..............................................................................................................1, 3

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*,
    921 F. Supp. 2d 197 (S.D.N.Y. 2013)........................................................................................5

*In re Keyspan Corp. Sec. Litig.*,
    383 F. Supp. 2d 358 (E.D.N.Y. 2003)........................................................................................9

*Lentell v. Merrill Lynch & Co.*,
    396 F.3d 161 (2d Cir. 2005) ...................................................................................................10

*Monroe Cnty. Emps.' Ret. Sys. v. YPF Sociedad Anonima*,
   15 F. Supp. 3d 336 (S.D.N.Y. 2014)..................................................................................10

*In re Omega Healthcare Invs., Inc. Sec. Litig.*,
   563 F. Supp. 3d 259 (S.D.N.Y. 2021).................................................................................6

*In re Omnicom Grp., Inc. Sec. Litig.*,
   597 F.3d 501 (2d Cir. 2010) .............................................................................................10

*In re Pfizer Inc. Sec. Litig.*,
   936 F. Supp. 2d 252 (S.D.N.Y. 2013)..............................................................................3, 4

*Poptech, L.P. v. Stewardship Arbitrage Fund, LLC*,
   792 F. Supp. 2d 328 (D. Conn. 2011) ...............................................................................11

*In re Sanofi Sec. Litig.*,
   155 F. Supp. 3d 386 (S.D.N.Y. 2016).................................................................................6

*SEC v. Place*,
   No. 2:16-CV-04291 (MMB), 2019 WL 634638 (E.D. Pa. Feb. 14, 2019) ...........................4

*Setzer v. Omega Healthcare Invs. Inc.*,
   968 F. 3d 204 (2d Cir. 2020) ..............................................................................................6

*In re Sina Corp. Sec. Litig.*,
   No. 05-CV-2154 (NRB), 2006 WL 2742048 (S.D.N.Y. Sept. 26, 2006) ..............................7

*Tomaszewski v. Trevena, Inc.*,
   482 F. Supp. 3d 317 (E.D. Pa. 2020)..................................................................................4

*In re Vivendi, S.A. Sec. Litig.*,
   838 F.3d 223 (2d Cir. 2016) .............................................................................................11

*In re Vivendi Universal, S.A. Sec. Litig.*,
   765 F. Supp. 2d 512 (S.D.N.Y. 2011).................................................................................4

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998) ...............................................................................................5

**RULES AND REGULATIONS**

17 C.F.R. § 240.10b-5.............................................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

**STATUTES**

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)................................................2

Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)....................................3

Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a) ....................... 2, 11, 12

Dr. Riccardo Perfetti, M.D., Ph.D. respectfully submits this reply in further support of his motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice the Second Consolidated Amended Class Action Complaint ("SAC") filed in this action by Lead Plaintiff Dr. Martin Dietrich ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff's Memorandum of Law in Opposition to Dr. Perfetti's Motion to Dismiss (ECF No. 109) ("Opposition" or "Opp'n") does nothing to overcome the fatal defects in Plaintiff's third attempt to state a viable claim against Dr. Perfetti.

*First*, the Opposition fails to demonstrate that Dr. Perfetti made Statements 1 (Investor Presentation), 2 (RBC Report), or 3 (SSIEM Slides). Plaintiff's blanket assertion that Dr. Perfetti had "ultimate authority" is not enough. Plaintiff does not identify any well pled factual allegation that suggests he did. That failure is dispositive under *Janus*, which Plaintiff agrees controls and limits Rule 10b-5(b) liability to individuals who "make" a statement, including through "ultimate authority." Neither the Company's size nor Dr. Perfetti's title or role in the Pediatric Study suggest "ultimate authority" over Statements 1-3.

*Second*, the Opposition does nothing to show the inaccuracy of any challenged statement. Plaintiff complains of omissions without showing any duty to disclose. No statement at issue purports to guarantee FDA approval or characterize the NDA's contents or approvability. Thus, Dr. Perfetti, as the alleged (mistakenly) maker of Statements 1-3, had no duty to disclose either the Data Deletion or the Dosing Error. The same is true for Statement 4 (November 2024 Article). Plaintiff's attempt to impose an absolute duty to disclose every nuance of internal clinical data finds no support in the law.

*Third*, to support alleged scienter, Plaintiff argues that Dr. Perfetti's routine, tax-related stock sales are suspicious but fails to plausibly identify any sale following an alleged misstatement, preceding a corrective disclosure, or coinciding with any material event.  Further, Plaintiff claims Dr. Perfetti's failure to disclose that the Dosing Errors and/or Data Deletion would inevitably lead to FDA rejection was reckless yet alleges no particularized facts showing Dr. Perfetti somehow experienced precognition.  Such speculation, without more, fails under PSLRA.

*Fourth*, Plaintiff's rebuttals regarding loss causation are misplaced.  The Opposition identifies alleged "corrective disclosures" to argue the NDA's certain denial was concealed, ergo its manifestation coupled with the stock drop adequately pleads loss causation.  The alleged disclosures in the CRL and Warning Letter, however, did not "correct" any alleged statement by Dr. Perfetti.  Rather, they reflect the materialization of unrelated, fully disclosed risks.  Courts routinely hold that a stock drop following such an event does not establish securities fraud.

*Finally*, the Opposition does not salvage Plaintiff's Section 20(a) claim.  Plaintiff acknowledges control person liability is derivative yet fails to point to any credible allegation evidencing Dr. Perfetti's control over Applied or Dr. Shendelman.  Mere status as a corporate officer is insufficient.

For each of these independent reasons, and those set forth in more detail in Dr. Perfetti's Memorandum of Law in Support of His Motion to Dismiss (ECF No. 101) ("Memorandum" or "Mem."), the claims against Dr. Perfetti should be dismissed with prejudice.

2

## ARGUMENT

I.    **Plaintiff's Opposition Does Not Cure the SAC's Failure to Adequately Plead Securities Fraud Against Dr. Perfetti.**

### A.  Dr. Perfetti Did Not Make Statements 1-3.

The parties agree that under *Janus*, the "maker" of a statement is one who has "ultimate authority over the statement including its content and whether and how to communicate it." *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).  Plaintiff does not dispute that Dr. Perfetti neither communicated nor signed Statements 1 or 3.  Opp'n at 10.  Rather, Plaintiff urges the Court to find Dr. Perfetti had ultimate authority over these statements without credibly alleging supporting facts.  Plaintiff has not alleged with particularity that Dr. Perfetti prepared or reviewed the statements or even participated in meetings regarding the content of Statement 1.  Similarly, for Statement 3, Plaintiff cannot credulously contend that Dr. Perfetti's participation in a presentation demonstrates ultimate authority over slides presented by another accomplished participant.

The Opposition claims Dr. Perfetti made Statements 1 and 3 because he supposedly was one of two individuals who spoke publicly about govorestat during the Class Period.  Opp'n at 9, 12.  Plaintiff cites no authority for this unprincipled expansion of *Janus* and ignores public information showing that multiple Applied personnel spoke publicly about govorestat during the Class Period.

Plaintiff incorrectly suggests Dr. Perfetti is arguing that he must have signed a statement or have it expressly attributed to him for him to have been its "maker."  Opp'n at 10.  Rather, Dr. Perfetti argued that, at bottom, the SAC only puts forth conclusory assertions based on job title and purported responsibilities to claim "ultimate authority," Mem. at 10-11, 13-15, which even Plaintiff's authorities do not support.  In *Pfizer*, the court found individual defendants liable for

3

statements not expressly attributed to them because testimony indicated they reviewed all relevant press releases. *In re Pfizer Inc. Sec. Litig.*, 936 F. Supp. 2d 252, 269 (S.D.N.Y. 2013). Plaintiff alleges no comparable facts here—no claim that Dr. Perfetti reviewed investor communications, participated in meetings or calls about the statements—only unsupported, conclusory allegations of ultimate control.[1]

Plaintiff's reliance on *Trevena*, *Place*, and *EnergySolutions* fares no better. In *Trevena*, the court found defendant liable based on detailed allegations that he had ultimate authority over the company's misstatements by virtue of his responsibilities and authority to act as agent of the company. *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 335-36 (E.D. Pa. 2020) (internal quotations omitted). In *Place*, liability was based on the defendant's direct involvement—he signed the contracts, oversaw marketing strategy, and controlled client communications. *SEC v. Place*, No. 2:16-CV-04291 (MMB), 2019 WL 634638, at *7-8 (E.D. Pa. Feb. 14, 2019). In *EnergySolutions*, the court found defendant liable for statements in Registration Statements because defendant had a controlling interest in the company, "its direct control over all corporate transactions, and its authority to determine when and whether to sell the shares being sold." *City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*, 814 F. Supp. 2d 395, 417-18 (S.D.N.Y. 2011). Plaintiff ignores the very particularized facts relied on by those courts and pleads no such similar facts here.

---

[1] Plaintiff's citation to *In re Vivendi Universal, S.A. Sec. Litig.* likewise fails. 765 F. Supp. 2d 512, 545-46 (S.D.N.Y. 2011) (holding defendant liable for company press releases due to testimony suggesting he was in charge of them and that they fully reflected his views). There are no factual allegations that Dr. Perfetti was in charge of Statements 1 or 3.

Dr. Perfetti's involvement in the Pediatric Study is irrelevant. Plaintiff is required to allege facts showing Dr. Perfetti had ultimate authority over the challenged statements, not just the science or clinical development relating to those statements. Plaintiff puts forth none.

As for Statement 2, Plaintiff's vague and conclusory allegations that Dr. Perfetti made statements attributed to Applied's "mgmt. team" fall well short of the heightened pleading standard. Mem. at 11. Plaintiff offers no evidence that Dr. Perfetti ever spoke with RBC, let alone reviewed, approved, or disseminated Statement 2. Instead, Plaintiff merely alleges the statement must be attributable to Dr. Perfetti because he supposedly was one of two executives who publicly discussed govorestat—an allegation that does not satisfy the pleading burden. Opp'n at 11; Mem. at 12. Furthermore, Plaintiff improperly tries to introduce new, unrelated facts to suggest that Dr. Perfetti had ultimate authority over RBC's statement. Opp'n at 11-12, n.5. It is well-settled that a plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for the first time in plaintiff's opposition to motion to dismiss). These facts are not properly before this Court and thus this Court need not consider them.

**B. Statements 1-4 Are Not Actionable.**

Although Dr. Perfetti made Statement 4, it is still not actionable. Plaintiff argues that omission of the Dosing Errors and/or Data Deletion rendered Statement 4 materially misleading. Opp'n at 13-16. But the SAC never alleges that Dr. Perfetti made any statements about the contents or approvability of the NDA, nor that he had a duty to disclose every internal data nuance when making unrelated statements. Statement 4 does not even address, much less represent, the

5

contents of the NDA or its approvability.  Alleged omissions must relate directly to the substance of the challenged statements; no such connection is present here.  *See In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-CV-02019 (EJD), 2020 WL 2042078, at *13 (N.D. Cal. Apr. 28, 2020).[2]  For the same reasons, even if Dr. Perfetti had made Statements 1-3 (he did not), those statements would also not be actionable.  For example, the Opposition does nothing to establish the required nexus between the data for cognition and motor skills scores discussed in Statement 2 and the NDA's content or approvability.

The Opposition's reliance on later FDA concerns about data integrity does not retroactively render earlier statements false by not disclosing the Dosing Errors and/or Data Deletion.  *Omega* and *Sanofi* are directly on point: unless there is a sufficiently close nexus between the statement and the alleged omission, there is no duty to disclose the omitted information.  *See In re Omega Healthcare Invs., Inc. Sec. Litig.*, 563 F. Supp. 3d 259, 272-73 (S.D.N.Y. 2021); *In re Sanofi Sec. Litig.*, 155 F. Supp. 3d 386, 403 (S.D.N.Y. 2016).

Plaintiff's reliance on *Setzer*, *Delcath*, and similar cases is misplaced; those cases involved defendants who affirmatively misstated or concealed known, adverse facts, which were closely connected to the statements at issue.  *See Setzer v. Omega Healthcare Invs. Inc.*, 968 F. 3d 204, 213-14 (2d Cir. 2020); *In re Delcath Sys. Sec. Litig.*, 36 F. Supp. 3d 320, 332-33 (S.D.N.Y. 2014).  That is not present here.

---

[2] Plaintiff incorrectly contends that Dr. Perfetti "conceded" falsity of Statements 3 and 4.  Opp'n at 13-14.  Dr. Perfetti clearly contested Plaintiff's allegations of falsity for all statements and explains why the omissions do not transform otherwise accurate statements into misleading ones.  Mem. at 5, 7.

II.    **Plaintiff's Scienter Arguments Fail.**

A.  **Plaintiff's Generic Motive Theory Fails as a Matter of Law.**

Plaintiff unpersuasively argues the SAC adequately alleges motive through Dr. Perfetti's stock sales during the Class Period.  Mem. at 16; Opp'n at 17, 18.  Notably, Plaintiff does not challenge that Dr. Perfetti's three stock sales during the Class Period were "sell-to-cover" transactions.[3]  *See id.* at 19; Mem. at 16-17.  Nevertheless, Plaintiff contends the timing of these sales somehow supports a strong inference of scienter because they occurred during the Class Period, when Dr. Perfetti was aware of the Dosing Errors and Data Deletion.  Opp'n at 18-19.  By that logic, any transaction during the Class Period is suspicious.  But such generalized allegations are insufficient, as Courts routinely reject scienter allegations where, as here, insider sales are not closely tied to corrective disclosures or bear no connection to a material event.  *See In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 271 (S.D.N.Y. 2009); *In re Sina Corp. Sec. Litig.*, No. 05-CV-2154 (NRB), 2006 WL 2742048, at *12 (S.D.N.Y. Sept. 26, 2006); *Frazier v. VitalWorks, Inc.*, 341 F. Supp. 2d 142, 161-62 (D. Conn. 2004).  Again, the SAC does not allege that any of the three stock sales coincided with a corrective disclosure or the release of adverse information, nor does the SAC plead any facts suggesting Dr. Perfetti sold "on the eve" of any material revelation.  Mem. at 17-18.  Thus, Plaintiff's timing argument fails to create an inference of scienter.

---

[3] The SEC filings Plaintiff relies on confirm that Dr. Perfetti's sales were routine "sell-to-cover" transactions—i.e., nondiscretionary sales triggered to satisfy tax obligations from the vesting of restricted stock units.  *See* SAC ¶ 339; Chapman Decl. Exs. 7–9.  Plaintiff's assertion in his Opposition that Dr. Perfetti could have paid his tax obligations in cash does not alter the analysis—such speculation is neither pleaded nor relevant.  Opp'n at 19.

### B. Plaintiff's Recklessness Allegations Also Fail.

Plaintiff's Opposition relies on speculation, not particularized facts, to infer scienter through alleged reckless behavior. Plaintiff argues Dr. Perfetti acted recklessly by failing to disclose the Dosing Errors and Data Deletion, which "gave the false impression that the Pediatric Study supported Applied's NDA submission." Opp'n at 19. Plaintiff further contends that Dr. Perfetti acted recklessly by not disclosing that the Dosing Errors and/or Data Deletion would "inevitably" preclude FDA approval. Opp'n at 22. But as courts have recognized, recklessness requires more than alleging that a defendant knew of potential regulatory risks—it requires particularized facts showing that the defendant knew those risks would necessarily lead to rejection. *See Gillis v. QRX Pharma Ltd.*, 197 F. Supp. 3d 557, 579 (S.D.N.Y. 2016). The SAC alleges no such facts.

Importantly, interim FDA feedback is not a reliable proxy for scienter, particularly where, as here, the drug continued through the regulatory process. *See In re Alkermes Pub. Ltd. Co. Sec. Litig.*, 523 F. Supp. 3d 283, 295 (E.D.N.Y. 2021). The FDA's issuance of a CRL months later undermines Plaintiff's theory. Ongoing FDA interactions over a prolonged period suggested the NDA remained on track. Had those interactions portended certain rejection, it makes no sense that Applied proceeded with its NDA submission, continued commercial preparation, and engaged with the FDA throughout 2024.

The frailty of Plaintiff's scienter theory is amplified by the voluntary withdrawal of the scheme liability claim (in a footnote). Opp'n at 24, n.8. Abandonment of that claim recognizes that Dr. Perfetti did not perform any inherently deceptive act in connection with the NDA. Yet Plaintiff's scienter allegations continue to rest entirely on omissions concerning the NDA's

contents and approvability despite Dr. Perfetti's statement and alleged statements addressing neither.

### C.  Plaintiff Does Not Allege Dr. Perfetti's Scienter With Particularity.

Plaintiff contends that the SAC "pleads with particularity [Dr. Perfetti's] ultimate authority over Statements 1-4." Opp'n at 22.  But saying so does not make it so.  The SAC offers no facts, and the Opposition provides no further explanation, demonstrating that Dr. Perfetti was personally involved in the drafting, reviewing, or approving of any investor communications or SEC filings. Instead, Plaintiff relies on generalized assertions that Dr. Perfetti was "personally involved" in the Pediatric Study and "authored and approved" certain statements, without identifying when, how, or through what concrete actions he allegedly exercised that authority in connection with the statements at issue.  Opp'n at 22-23.

Courts routinely reject such conclusory efforts to impute knowledge or intent, particularly where, as here, Plaintiff fails to allege any specific meetings, documents, or communications linking Dr. Perfetti to the challenged disclosures. *In re Keyspan Corp. Sec. Litig.*, 383 F. Supp. 2d 358, 388 (E.D.N.Y. 2003) (dismissing securities fraud claim where plaintiffs' conclusory and vague allegations failed to show specific information that contradicted individual defendants' statements).  Without those details, Plaintiff's claims against Dr. Perfetti rest on impermissible inference, not particularized fact, and must be dismissed.

### III.    Plaintiff Does Not Adequately Allege Loss Causation.

Plaintiff's Opposition fails to address the SAC's fundamental deficiency on the issue of loss causation: the absence of any factual allegations showing that Dr. Perfetti's alleged misstatements were the proximate cause of Plaintiff's loss.  While Plaintiff insists this is a "factual argument for a later day," Opp'n at 23, courts in this Circuit routinely dismiss claims at the

9

pleading stage where the complaint fails to adequately allege loss causation. *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 174-75 (2d Cir. 2005); *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10-CV-00975 (RPP), 2012 WL 1646888, at *30-31 (S.D.N.Y. May 10, 2012).

Contrary to Plaintiff's assertion, the CRL and Warning Letter did not "correct" any statement or alleged statement by Dr. Perfetti. Plaintiff points to generic allegations that these disclosures revealed the Pediatric Study data was "not complete or reliable" and that the NDA omitted dosing error data. *See* Opp'n at 24-25. But Plaintiff fails to identify a single statement by Dr. Perfetti concerning the NDA's contents or approvability. At most, the SAC alleges that Dr. Perfetti discussed the Pediatric Study's results, a topic Applied repeatedly warned was subject to FDA interpretation. These are not actionable misstatements, and certainly not ones "corrected" by the CRL or Warning Letter.

Plaintiff's attempt to reframe a known risk as "concealed" is unavailing. Opp'n at 24. The risk that the FDA might reject the NDA or disagree with Applied's conclusions was fully disclosed throughout the Class Period. The mere fact that this risk ultimately materialized does not transform it into fraud. *See Monroe Cnty. Emps.' Ret. Sys. v. YPF Sociedad Anonima*, 15 F. Supp. 3d 336, 358 (S.D.N.Y. 2014) (no loss causation where the stock drop was due to a "materialization of a known risk, rather than the disclosure of a concealed one").

Nor does the magnitude of the stock drop or analyst surprise suffice to establish loss causation. Opp'n at 24. Courts consistently reject the notion that price movement alone can show that a disclosure corrected a prior misstatement. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 511 (2d Cir. 2010) (no loss causation where disclosure did not reveal to the market the falsity of any prior representation).

Plaintiff's allegations of "partial corrective disclosures" fail for the same reason: none of the alleged corrective disclosures revealed that any statement by Dr. Perfetti was false when made.

Finally, Plaintiff's citations to *Vivendi* and *Delcath* are inapposite. Those cases involved detailed allegations of concealed facts and concrete misrepresentations contradicted by later disclosures. *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 262 (2d Cir. 2016); *Delcath*, 36 F. Supp. 3d at 336. Here, Plaintiff offers only conclusory assertions and speculation, not well-pleaded facts showing that Dr. Perfetti's statements were rendered false by the CRL or Warning Letter.

## IV.     Plaintiff Fails to State a Claim for Control Person Liability Against Dr. Perfetti.

The Opposition mischaracterizes Dr. Perfetti's position regarding Section 20(a)—Dr. Perfetti does not argue that the Section 20(a) claim fails "because he was outranked by the CEO." Opp'n at 25. Rather, the Section 20(a) claim fails because Plaintiff has not conceivably alleged that he controlled either Applied or Dr. Shendelman. Mem. at 26-27.

Plaintiff's reliance on *Poptech, L.P. v. Stewardship Arbitrage Fund, LLC* misses the mark. In *Poptech*, the court denied a motion to dismiss because the complaint alleged specific facts supporting a reasonable inference of control, such as defendant's attendance at "closed-door meetings," and emails from defendant regarding due diligence of the loans at issue. 792 F. Supp. 2d 328, 338-40 (D. Conn. 2011). Plaintiff does not identify any similar activities by Dr. Perfetti that would support an inference of control. Courts have held that the presumption of control for corporate officers applies only within the scope of their authority and responsibility. *In re Alstom SA Sec. Litig.*, 454 F. Supp. 2d 187, 210-11 (S.D.N.Y. 2006).

Here, Plaintiff does not point to any press release, earnings call transcript, or analyst report that specifically attributes any statement to Dr. Perfetti, nor any SEC filing signed by Dr. Perfetti.

11

Plaintiff fails to allege facts supporting a plausible inference that Dr. Perfetti controlled Applied or Dr. Shendelman, or directed the alleged misconduct, the Section 20(a) claim must be dismissed.

**CONCLUSION**

For the reasons set forth above and in Dr. Perfetti's Memorandum, all claims against Dr. Perfetti should be dismissed.  The SAC is Plaintiff's third bite at the apple.  It should be dismissed with prejudice.

Dated: New York, New York
       July 18, 2025

                         Respectfully submitted,

                         MCGUIREWOODS, LLP

               By:        */s/ Jeffrey J. Chapman*
                         Jeffrey J. Chapman
                         Stephen G. Foresta
                         Louis D. Greenstein
                         Lauren H. Mann
                         1251 Avenue of the Americas
                         20th Floor
                         New York, New York 10020
                         Telephone: (212) 548-7060
                         jchapman@mcguirewoods.com
                         sforesta@mcguirewoods.com
                         lgreenstein@mcguirewoods.com
                         lmann@mcguirewoods.com

                         *Counsel for Riccardo Perfetti*

12

## <u>LOCAL RULE 7.1(c) CERTIFICATION</u>

I hereby certify that the foregoing Memorandum of Law complies with the word-count limitations set forth in Local Rule 7.1(c).  The foregoing Memorandum contains 3,283 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes, according to the word processing software used to prepare it.

Dated: New York, New York
        July 18, 2025

                                        Respectfully submitted,


                                        MCGUIREWOODS, LLP


                        By:             */s/ Jeffrey J. Chapman*
                                        Jeffrey J. Chapman
                                        Stephen G. Foresta
                                        Louis D. Greenstein
                                        Lauren H. Mann
                                        1251 Avenue of the Americas
                                        20th Floor
                                        New York, New York 10020
                                        Telephone: (212) 548-7060
                                        jchapman@mcguirewoods.com
                                        sforesta@mcguirewoods.com
                                        lgreenstein@mcguirewoods.com
                                        lmann@mcguirewoods.com

                                        *Counsel for Riccardo Perfetti*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of July, 2025, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system, which will automatically send

an email notification of such filing to all attorneys of record in the above-referenced case.

MCGUIREWOODS, LLP

By:     */s/ Jeffrey J. Chapman*
        Jeffrey J. Chapman
        Stephen G. Foresta
        Louis D. Greenstein
        Lauren H. Mann
        1251 Avenue of the Americas
        20th Floor
        New York, New York 10020
        Telephone: (212) 548-7060
        jchapman@mcguirewoods.com
        sforesta@mcguirewoods.com
        lgreenstein@mcguirewoods.com
        lmann@mcguirewoods.com

        *Counsel for Riccardo Perfetti*