# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLIED THERAPEUTICS SECURITIES LITIGATION | Case No. 1:24-cv-09715 (DLC) (VF) <br><br> CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

TO:     **ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF APPLIED THERAPEUTICS, INC. ("APPLIED" OR THE "COMPANY") ON A U.S. BASED EXCHANGE BETWEEN JANUARY 3, 2024 AND DECEMBER 2, 2024, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE ("CLAIM FORM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE APRIL 8, 2026.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Dr. Martin Dietrich ("Plaintiff"), and Defendants Applied, Dr. Shoshana Shendelman and Dr. Riccardo Perfetti (the "Individual Defendants"), and the proposed settlement consisting of fifteen million U.S. dollars (USD $15,000,000) in cash and Warrants to purchase up to one million (1,000,000) shares of Applied common stock (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. <br><br> **Claim Forms must be postmarked or submitted online on or before April 8, 2026.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Person about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. <br><br> **Requests for exclusion must be *received* by the Claims Administrator on or before February 26, 2026. Postmarked on February 26, 2026 is not sufficient.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. If you submit a written objection, you may (but do not have to) attend the hearing. <br><br> **Objections must be *received* by the Court and counsel on or before February 26, 2026. Postmarked on February 26, 2026 is not sufficient.** |
| **GO TO THE HEARING ON MARCH 19, 2026** | Ask to speak in Court about the fairness of the Settlement. <br><br> **Requests to speak must be *received* by the Court and counsel on or before February 26, 2026.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Amended Stipulation of Settlement dated November 20, 2025 (the "Stipulation"), which is available on the website www.APLTSecuritiesSettlement.com.

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Subject to Court approval, Lead Plaintiff, on behalf of the Class, has agreed to settle the Litigation in exchange for a payment of $15,000,000 in cash and the issuance of Warrants to purchase up to 1,000,000 shares of Applied common stock, with an exercise price of $0.48 per share (the "Settlement Amount"). The Net Settlement Fund will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages 8-10.

**Estimate of Average Recovery Per Share**

Based on Plaintiff's estimate of the maximum number of 97.8 million shares of Applied common stock eligible to recover under the Settlement, the average distribution from the cash portion of the Settlement Fund under the Plan of Allocation is estimated to be approximately $0.15 per share before deduction of any Taxes, Tax Expenses, Notice and Administration Expenses, Warrant Exercise Expenses, and the Fee and Expense Award as determined by the Court. In addition to any cash recovery, each Authorized Claimant will be eligible to receive a proportionate share of the proceeds from the Warrants, which will be distributed either in cash or in securities.

**Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund (cash plus proceeds from the Warrants) determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. See the Plan of Allocation set forth and discussed at pages 8-10 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

Plaintiff's damages expert estimates that if Plaintiff and the Class were completely successful on all claims, and Plaintiff and the Class's damages theories and evidence were accepted in full by the Court and the jury, then the maximum recoverable damages for the Class would be approximately $377.5 million, or approximately $3.86 per share based on Plaintiff's estimate of the maximum number of 97.8 million shares of Applied common stock eligible to recover under the Settlement.

Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Applied common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Applied common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Applied common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of Applied common stock at various times during the Class Period; (7) the extent to which the various matters that Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Applied common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the prices of Applied common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty percent (20%) of the Settlement Amount, plus expenses not to exceed $50,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of Applied common stock eligible to participate in the Settlement against the cash portion of the Settlement Fund is estimated to be approximately $0.03 per share, based on Plaintiff's estimate of the maximum number of 97.8 million shares of Applied common stock eligible to recover under the Settlement.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-833-703-4229, or visit the website www.APLTSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Joshua W. Ruthizer, Wolf Popper LLP, 845 Third Avenue, 12th Floor. New York, NY 10022, 1-877-370-7703, www.wolfpopper.com.

**Please do not call the Court or Defendants with questions about the Settlement.**

**Reasons for the Settlement**

Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny, all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. The Settling Parties agree that further conduct of this Litigation could be protracted and distracting, would dissipate the insurance currently available to resolve Plaintiff's claims, and further diminish Applied's financial condition.

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 2 of 10

**BASIC INFORMATION**

| 1. | Why did I get this Notice? |
|---|---|

You or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired publicly traded Applied common stock on a U.S. based exchange during the period between January 3, 2024 through and including December 2, 2024 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court directed that this Notice be made publicly available on www.APLTSecuritiesSettlement.com to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *In re Applied Therapeutics Securities Litigation*, Case No. 1:24-cv-09715-DLC-VF. The case has been assigned to the Honorable Denise Cote. The individual representing the Class is the Plaintiff Dr. Martin Dietrich, and the Company, and individuals he sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Plaintiff's Second Amended Consolidated Complaint (the "Complaint"), filed on June 13, 2025, alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. More specifically, Plaintiff alleges that, throughout the Class Period (January 3, 2024 through December 2, 2024, inclusive), Defendants made materially false and misleading statements to investors and the Class in violation of Section 10(b) and Rule 10b-5 concerning, among other things, the viability of Applied's New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for govorestat to treat Classic Galactosemia ("Galactosemia"), a rare genetic metabolic disorder that can be fatal if untreated; Defendants' interactions with the FDA concerning the NDA; the reliability of the data underlying the NDA; and alleged known material deficiencies with the NDA.

The Complaint alleges that (a) between March and June 2021, as part of Applied's ACTION-Galactosemia Kids Study (the "Pediatric Study"), 19 of the 47 subjects enrolled at a clinical site—over 40% of the study population—received only approximately 80% of the intended dose of govorestat due to a labeling error (the "Dosing Errors"); (b) the Dosing Errors were a violation of the clinical trial protocol that Applied agreed to with the FDA for the conduct of the Pediatric Study; (c) Defendants knew (i) about the Dosing Errors and that they constituted a violation of the clinical trial protocol for the Pediatric Study, (ii) that information about the Dosing Errors and the clinical data recorded for patients who received the Dosing Errors (the "Dosing Errors Clinical Data") was required by FDA regulation and guidance to be included in the NDA, (iii) that the NDA failed to include this information, and instead reported clinical data as if the patients received the full, correct dose, and (iv) as a result, the NDA was materially deficient and failed to comply with FDA regulations.

In addition, the Complaint alleges that (a) on March 27, 2024, one of Applied's vendors for the Pediatric Study deleted clinical source data for all 47 patients enrolled in the study (the "Study Data Deletion"), (b) between April 23 and May 3, 2024, the FDA conducted an inspection of a clinical test site and discovered the Study Data Deletion, (c) the Study Data Deletion was a violation of the clinical trial protocol for the Pediatric Study; (d) at the conclusion of the inspection, on May 3, 2024, the FDA issued a FDA Form 483 to Applied that detailed the Study Data Deletion and two other objectionable conditions (the "Form 483"), and also discussed the Form 483 with Defendant Shendelman; (e) on May 9, 2023, Applied responded to the Form 483 and informed the FDA that deleted source data for 11 subjects could not be recovered; and (f) therefore, by May 9, 2024, the Defendants knew (i) about the Study Data Deletion, (ii) that the FDA knew Applied had violated FDA regulations and the clinical trial protocol for the Pediatric Study, and (iii) that the FDA could not verify clinical results of the Pediatric Study as part of its NDA review.

The Complaint alleges, among other things, that the failure to disclose the facts summarized in the preceding two paragraphs rendered Defendants' statements materially false and misleading.

The Complaint also alleges that these alleged misrepresentations and omissions caused the price of Applied's common stock to trade at artificially inflated levels during the Class Period, until the market learned the truth through, among other things, the November 27, 2024 disclosure of a complete response letter ("CRL") from the FDA to Applied rejecting the NDA and the December 3, 2024 publication by the FDA of a Warning Letter from the FDA to Applied that identified the Study Data Deletion and failure to include information about the Dosing Errors and Dosing Errors Clinical Data in the NDA. The Complaint alleges that these disclosures resulted in a sharp decline in Applied's share price.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Plaintiff and the Class. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired the publicly traded common stock of Applied on a U.S. based exchange during the period from January 3, 2024 through December 2, 2024, inclusive, except those Persons and entities that are excluded.

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Excluded from the Class are: (i) Defendants; (ii) the current and former officers, directors, and employees of Applied (the "Excluded Persons"); (iii) any person or entity that purchased Applied securities in the March 1, 2024 Private Placement (the "Private Placement Investors"); (iv) members of Defendants', Excluded Persons', or Private Placement Investors' immediate families, legal representatives, heirs, successors or assigns; and (v) any entity in which Defendants, the Excluded Persons, or the Private Placement Investors have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. Please check your records or contact your broker to see if you are a Class Member. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form available on the Settlement Website, www.APLTSecuritiesSettlement.com, and the required supporting documentation as set forth therein postmarked or submitted online **on or before April 8, 2026**.

| 5. | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-833-703-4229, via email at Info@APLTSecuritiesSettlement.com, or you can submit a Claim Form online or via US Mail, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to provide consideration consisting of $15,000,000 cash and the issuance of Warrants to purchase up to 1,000,000 shares of Applied common stock, with a term of one year from the Effective Date of the Settlement an exercise price of $0.48 per share (together, the "Settlement Amount").

The Warrants will be held and administered by the Securities Escrow Agent on behalf of the Class. The Securities Escrow Agent, under the supervision of Lead Counsel, will determine whether and when to exercise the Warrants. Warrant Proceeds may be paid in cash or in Applied common stock or other securities (in the event Applied is acquired or merges with another company, pursuant to the terms of the Warrants). No Class Member will receive an interest in the Warrants themselves. The Securities Escrow Agent, under the supervision of Lead Counsel, will decide whether to sell the Warrant Proceeds paid in the form of Applied common stock or other securities and to distribute the resulting cash proceeds, or to distribute the Applied common stock or other securities to Class Members.

Any Warrant Proceeds realized from the exercise of the Warrants and/or and sale of Warrant Proceeds paid in the form of Applied common stock or other securities shall be added to the Net Settlement Fund and distributed to Authorized Claimants pursuant to this Plan of Allocation. The Plan of Allocation is described in more detail on pages 8-10. No Class Member will receive individual warrant certificates. In the event the Warrants expire unexercised or proves to have no realizable value, no additional distribution will be made on account of the Warrants.

On Thursday, December 11, 2025, Applied issued a press release announcing that it had entered into a merger agreement with Cycle Group Holdings Limited ("Cycle") pursuant to which Cycle will commence a tender offer to acquire all of the outstanding shares of Applied common stock for a per share price of $0.088 per share in cash payable at closing plus one non-transferrable contingent value right ("CVR") that entitles the holder to receive potential additional payments (the "Transaction"). The Transaction is subject to the tender of a majority of the outstanding shares of Applied common stock and is expected to close in the first quarter of 2026.

| 7. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund (as defined and described in the Plan of Allocation on pages 8-10 below) will depend on several things, including the total claims for Applied common shares represented by the valid Claim Forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a timely and valid Claim Form. You can request a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-833-703-4229, or download a Claim Form from www.APLTSecuritiesSettlement.com. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and **mail or submit it online** through www.APLTSecuritiesSettlement.com **so that it is postmarked or received no later than April 8, 2026**.

| 9. | **When would I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on March 19, 2026, at 11:00 a.m., EDT**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Claim Forms to be processed. Please be patient.

| 10. | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 4 of 10

Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

• **"Released Claims"** means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that (a) Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, relating to, in connection with, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Litigation, and (b) also relate to the purchase of publicly traded shares of Applied common stock on a U.S. based exchange during the Class Period. "Released Claims" does not include: (i) derivative claims; (ii) ERISA claims; and (iii) claims to enforce the Settlement.

• **"Released Defendants' Claims"** means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation. Released Defendants' Claims do not include claims relating to the enforcement of the Settlement.

• **"Released Defendant Parties"** means each and all of Defendants, Defendants' Counsel, and any of their Related Parties means each and all of the Defendants, Defendants' Counsel and their Related Parties.

• **"Related Parties"** means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such..

• **"Unknown Claims"** means: (a) any and all Released Claims, which any of the Lead Plaintiff, Members of the Class, or Lead Counsel do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, which, if known by them, might have affected their settlement with and release of the Released Defendant Parties, or might have affected their decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Defendants or Defendants' Counsel do not know or suspect to exist in their favor at the time of the release of Released Plaintiff Parties, which, if known by them might have affected their settlement and release of Released Plaintiff Parties. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Released Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Released Plaintiff Parties, the Class and Lead Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

The Settlement also bars any and all claims for contribution or indemnity against any of the Released Defendant Parties arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Litigation.

### EXCLUDING YOURSELF FROM THE CLASS

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 5 of 10

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter or other document by First-Class Mail stating that you "request exclusion from the Class in the *Applied Therapeutics Settlement*." The request for exclusion must include (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the caption of the Action; (iii) a list identifying all transactions in Applied common stock during the Class Period by the Person requesting exclusion, the date of each transaction, and the price of each transaction; (iv) documentation sufficient to evidence each listed transaction in Applied common stock during the Class Period by the Person requesting exclusion and the date of each transaction; and (v) a statement that the Person wishes to be excluded from the Class. Any request for exclusion must be in writing and signed under penalty of perjury by the beneficial owner(s) of the shares of Applied common stock that are the subject of the request for exclusion. You must submit your exclusion request so that it is **received no later than February 26, 2026** to:

Applied Therapeutics Securities Settlement
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is February 26, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Claim Form to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| 14. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's Fee and Expense Application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a letter or other document saying that you wish to comment on or object to the proposed Settlement in the *Applied Therapeutics Settlement*. Any objection must be signed personally under penalty of perjury by the Class Member submitting the objection and include (i) the name, address and telephone number of the Class Member objecting; (ii) the caption of the Action; (iii) a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Class, or to the entire Class; (iv) a list identifying all transactions in Applied common stock during the Class Period by the Class Member objecting, the date of each transaction, and the price of each transaction; and (v) documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, and/or sales of Applied common stock during the Class Period, the dates, the number of shares purchased or sold, and the price paid or received for such purchase or sale. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than February 26, 2026:**

| COURT | LEAD COUNSEL |
|---|---|
| Clerk of Court<br>United States District Court<br>Southern District Of New York<br>500 Pearl Street<br>New York, NY 10007 | WOLF POPPER LLP<br>Joshua W. Ruthizer, Esq.<br>845 Third Avenue, 12th Floor<br>New York, NY 10022 |

**PLEASE NOTE that all objections will be filed publicly with the Court. You should redact any personally identifiable information before submitting your objection, such as account numbers or social security numbers.**

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

| 15. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Wolf Popper LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for a Fee and Expense Award for (a) an award of attorneys' fees not to exceed twenty percent (20%) of the Settlement Amount and (b) expenses, costs and charges in an amount not to exceed $50,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund. Lead Counsel's Fee and Expense Application will ask that it be awarded attorneys' fees in a percent of the cash settlement consideration and any Warrant Proceeds that result from exercise of the Warrants.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **11:00 a m., EDT on March 19, 2026**, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 18B, New York, NY 10007. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement Website www.APLTSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was received by the deadline stated herein and otherwise complies with the requirements set forth herein, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include in your written objection (see question 14 above) a written statement of your intention to appear at the hearing and to include in your written objections the identity of any witnesses you may call to testify and copies of any exhibits you intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be received with your written objection and be *received* **no later than February 26, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 14.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-833-703-4229. Reference is also made to the Settlement Agreement, to the documents filed in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation,

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 7 of 10

which are posted on the Settlement Website at www.APLTSecuritiesSettlement.com, and which may also be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

Each Class Member's share of the Settlement Fund will depend on several factors, including, but not limited to, how many Class Members timely send in valid Claim Forms; the amount of Applied common stock you purchased during the Class Period; the prices and dates of those purchases; and the prices and dates of any sales you made. The Plan of Allocation below will provide more detail on your potential recovery.

The Settlement Amount (together with any interest earned thereon) constitutes the "Settlement Fund." The "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded Fee and Expense Award to Lead Counsel, and interest thereon; (ii) Notice and Administration Expenses that are paid, incurred, or due and owing; (iii) Taxes and Tax Expenses that are paid, incurred, or due and owing; (iv) any Warrant Exercise Expenses that are paid, incurred, or due and owing; and (v) any other Court-approved deductions that are paid, incurred, or due and owing. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible members of the Class who timely submit valid Claim Forms ("Authorized Claimant(s)") in accordance with the Plan of Allocation.

The Plan of Allocation is intended to distribute the proceeds of the Net Settlement Fund equitably among all Class Members who are alleged to have suffered economic losses as a proximate result of Defendants' conduct. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula will be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. The Recognized Loss formula is not a formal damage analysis, and the calculations made in accordance with the formula are not intended to be estimates, or indicative, of the amount of what a Class member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.

In order to have recoverable damages under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Litigation, Lead Plaintiff alleges that the truth concerning Defendants' materially false and misleading statements (corrective disclosures) was revealed to the market after the close of trading on Wednesday November 27, 2024 (the day before the Thanksgiving Holiday, when U.S. trading markets were closed), when Applied announced it had received the CRL and the FDA had rejected the NDA, and during the trading day on December 3, 2024, when the FDA published the Warning Letter on its website disclosing reasons for the rejection of the NDA, and that those disclosures allegedly caused statistically significant declines in the price of Applied's common stock and removed the alleged artificial inflation in Applied common stock. Accordingly, for a Class member to have a compensable loss in this Settlement, the Applied common stock must have been purchased during the Class Period and (i) held through at least the opening of trading on November 29, 2024 (the first trading day after November 27, 2024) to be eligible for loss associated with the first disclosure, and (ii) held through at least the close of the trading day on December 2, 2024 to be eligible for loss associated with the second disclosure.

**THE COURT MAY APPROVE THE PLAN OF ALLOCATION, OR MODIFY IT, WITHOUT ADDITIONAL NOTICE TO THE CLASS. ANY ORDER MODIFYING THE PLAN OF ALLOCATION WILL BE POSTED ON THE SETTLEMENT WEBSITE, www.APLTSecuritiesSettlement.com.**

### CALCULATION OF RECOGNIZED LOSS AND RECOGNIZED GAIN AMOUNTS

The premise of the Plan of Allocation is that the true value of Applied common shares during the Class Period was allegedly $1.69 per share, the closing price on December 3, 2024, after the disclosure of the CRL and the Warning Letter. A Recognized Loss shall be calculated by the Claims Administrator for shares of Applied common stock purchased during the Class Period as follows:

1. For shares purchased during the Class Period and sold prior to November 29, 2024, the Recognized Loss will be zero.

2. For shares purchased during the Class Period and sold on November 29, 2024 or December 2, 2024, the Recognized Loss will be the lesser of (i) the difference between the purchase price and the sale price, (ii) the difference between the purchase price and $1.75 per share (the closing price on December 2, 2024), or (iii) $6.82 per share (the combined share price decline on November 29, 2024 and December 2, 2024).

3. For shares purchased during the Class Period and sold on December 3, 2024, the Recognized Loss will be the lesser of (i) the difference between the purchase price and the sale price, (ii) the difference between the purchase price and $1.69 per share (the closing price on December 3, 2024), or (iii) $6.88 per share (the combined share price decline on November 29, 2024, December 2, 2024, and December 3, 2024).

4. For shares purchased during the Class Period and still held at the close of trading on December 3, 2024 the Recognized Loss will be the lesser of (i) the difference between the purchase price and $1.69 per share (the closing price on December 3, 2024), or (ii) $6.88 per share (the combined share price decline on November 29, 2024, December 2, 2024, and December 3, 2024).

5. Gains on shares both purchased and sold from November 29, 2024 through December 3, 2024 will offset a class member's Recognized Loss.

### ADDITIONAL PROVISIONS

1. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all Applied common stock purchased or otherwise acquired during the Class Period.

2. **Purchase/Sale Dates:** Purchases and sales of Applied common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Applied common stock during the Class Period will not be deemed a purchase, acquisition or sale of publicly traded Applied common stock for the calculation of Recognized Loss, unless (i) the donor or decedent purchased such shares of Applied common stock on the open market on a U.S. based exchange during the Class Period;

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 8 of 10

(ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Applied common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

3.  The purchase price of Applied common stock will be the price paid on the open market and will not include any commissions or fees.

4.  Any transactions executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.)

5.  **FIFO Matching:** If a Class Member made multiple purchases, acquisitions, or sales of Applied common stock during the Class Period, the Applied common stock sold will be matched, in chronological order, against the first Applied common stock purchased or acquired during the Class Period (First-in, First-Out, or "FIFO").

6.  **Short Sales**: The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Applied common stock. The date of a "short sale" is deemed to be the date of sale of Applied common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.

7.  If a claimant has an opening short position in Applied common stock, his, her, or its earliest Class Period purchases or acquisitions of Applied common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

8.  **Shares Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Applied common stock purchased or sold through the exercise of an option, the purchase/sale date of the Applied common stock is the exercise date of the option, and the purchase/sale price of the Applied common stock is the exercise price of the option.

9.  **Market Gains and Losses:** The Claims Administrator will determine whether the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Applied common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[2] and (ii) the sum of the Claimant's Total Sales Proceeds[3] and the Claimant's Holding Value.[4] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

10. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Applied common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Applied common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated pursuant to the Plan of Allocation, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

11. **Determination of Distribution Amount**: The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

12. Class Members who do not incur a Recognized Loss as defined in the Plan of Allocation, will not receive a cash distribution from the Net Settlement Fund, but will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

13. If the sum total of Recognized Loss of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund.

14. If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

15. Given the costs of distribution, the Net Settlement Fund will be allocated among only those Authorized Claimants whose distributable share of Net Settlement Fund is $10.00 or greater or more than ten whole shares of Warrant Proceeds, calculated on an adjusted basis.

16. Class Members who do not submit a valid and timely Proof of Claim and Release form will not share in the Settlement proceeds, but will nevertheless be bound by the Settlement, the Judgment of the Court dismissing this Litigation, and the releases provided therein.

17. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive

---

[2] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Applied common stock purchased or acquired during the Class Period.

[3] The Claims Administrator will match any sales of Applied common stock from the start of the Class Period through and including the close of trading on December 2, 2024, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Applied common stock sold from the start of the Class Period through and including the close of trading on December 2, 2024, will be the "Total Sales Proceeds."

[4] The Claims Administrator will ascribe a value of $1.69 per share for Applied common stock purchased or acquired during the Class Period and still held as of the close of trading on December 2, 2024 (the "Holding Value").

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 9 of 10

at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

18. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Defendants, Defendants' counsel, or any of the other Released Person or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you hold Applied common stock pursuant to a transaction that took place within the United States within the Class Period as nominee for a beneficial owner, then you must either: (a) provide to the Claims Administrator the name, last known address, and email address of each beneficial owner for whom they are nominee or custodian; (b) request copies of the Postcard Notice for the Claims Administrator sufficient to send to all beneficial owners for whom they are nominee or custodian, which will be provided to nominees or custodians free of charge, and WITHIN SEVEN (7) CALENDAR DAYS of receipt, mail the Postcard Notice directly to all such persons or entities, or (c) request the link to the Postcard Notice and Proof of Claim and Release form from the Claims Administrator, and WITHIN SEVEN (7) CALENDAR DAYS of receipt, email the link directly to all beneficial owners for whom they are nominee or custodian.

Nominees who elect to follow procedure (b) or (c), **MUST** send a statement to the Claims Administrator confirming that the mailing/emailing was made as directed and keep a record of the names and mailing/emailing addresses used. Upon receipt by the Claims Administrator of proper documentation, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and email address (to the extent available) provided to the Claims Administrator; (b) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice; or (c) $0.03 per email for emailing the Postcard Notice and Proof of Claim and Release. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

DATED: December 19, 2025

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Questions? Visit www.APLTSecuritiesSettlement.com
Email info@APLTSecuritiesSettlement.com or call 1-833-703-4229

Page 10 of 10