# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLIED THERAPEUTICS SECURITIES LITIGATION | Case No. 1:24-cv-09715 (DLC) (VF) |

**DECLARATION OF DR. MARTIN DIETRICH IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF PLAN OF ALLOCATION, AND AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Dr. Martin Dietrich, declare under penalty of perjury as follows:

1. I am the Court-appointed Lead Plaintiff and Class Representative in the above-captioned securities fraud class action.

2. I submit this declaration in full support of Lead Plaintiff's Motion for Final Approval of the proposed class action settlement of $15 million in cash plus Warrants to purchase one million shares of Applied Therapeutics common stock at an exercise price of $0.48.

3. I currently reside in Orange County, Florida.

4. I previously submitted a Declaration in support of Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Certification of the Class for Settlement Purposes, and Approval of the Notice to the Settlement Class, dated November 3, 2025 (ECF 121-1).

5. I submit this Declaration to update my November 3, 2025 Declaration. The statements in my Declaration were and continue to be correct to the best of my knowledge.

6. I have reviewed a draft of Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Approval of Plan of Allocation, and an Award of Attorneys' Fees and Litigation Expenses. I authorized Lead Counsel to file that motion.

7. One element of the Settlement was Applied would issue Warrants for the Class to

1

purchase up to 1,000,000 shares of Applied common stock at a price of $0.48 per share, the closing price of Applied common stock on August 19, 2025, the day the Settlement was reached.

8. On December 11, 2025, defendant Applied issued a press release announcing that it had entered into a merger agreement with Cycle Group Holdings Limited ("Cycle") pursuant to which Cycle would commence a tender offer to acquire all of the outstanding shares of Applied common stock for a per share price of $0.088 per share in cash plus one non-transferrable contingent value right ("CVR") that entitles the holder to receive potential additional payments (the "Acquisition"). The Acquisition subsequently closed.

9. I have discussed with Lead Counsel that because the consideration for the Acquisition is significantly below the strike price for the Warrants of $0.48 per share, the Warrants are likely to have minimal value.

10. Based on my involvement in this action, my review of Court filings and mediation statements, discussions with my counsel, and my understanding of the strength and risks of the claims asserted and the financial condition of Applied, I am satisfied that the $15 million in cash, without the potential compensation for the Class from the Warrants, still represents a fair and adequate result for the Class and is in the best interests of the Class.

11. I have discussed with Lead Counsel their application for an award of attorneys' fees and reimbursement of costs and expenses.

12. As I stated in my November 3, 2025 Declaration, prior to retaining Wolf Popper as my counsel, I discussed the contingency fee model of payment with Adam Savett and Joshua Ruthizer of Wolf Popper, and negotiated a fair percentage of attorneys' fees that was subsequently memorialized in a retainer agreement. The agreement that I negotiated provided for different caps on the attorneys' fees that could be requested by Wolf Popper depending on what stage of the

litigation a resolution was reached, if any.  I negotiated a maximum amount of attorneys' fees of 20% if the litigation resolved before the start of fact discovery, and a maximum amount of attorneys' fees of 24% if the litigation resolved after the start of fact discovery and before a motion for class certification was filed.  There were three additional maximum amounts of attorneys' fees if the litigation resolved at a later point.

13.    I have reached agreement with Lead Counsel that they are authorized to request an award of attorneys' fees of 20% of the Settlement Fund, or $3 million plus 20% of any Warrant Proceeds, plus interest at the same rate earned by the Settlement Fund.  This is less than the 24% Wolf Popper could request under our retention agreement.

14.    Lead Counsel has been paid nothing to date for the significant amount of time they have devoted to this matter.  Their requested 20% fee is appropriate taking into account the complexity and risks associated with these types of cases.  Accordingly, I support the requested fee award as fair and reasonable.

15.    I also understand that Lead Counsel are requesting reimbursement of costs and expenses incurred in prosecution of the litigation amounting to $46,313.15, consisting primarily of mediation, legal research, expert, and investigation expenses.  I believe that the expenses were necessary for the successful prosecution of this litigation, and I fully support Lead Counsel's request for reimbursement of these costs and expenses.

16.    I have not received or been promised or offered any special compensation for serving as a plaintiff in this action or in achieving the Settlement.

17.    I am informed by Lead Counsel that under the Private Securities Litigation Reform Act of 1995, a lead plaintiff is entitled to request reimbursement for "reasonable costs and expenses (including lost wages) directly relating to the representation of the Class." 15 U.S.C. § 78u-4(a)(4).

Any costs I have incurred, including lost wages, were insubstantial. Accordingly, I am not requesting separate compensation for myself.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of February, 2026.

Signed by:

MARTIN DIETRICH

Dr. Martin Dietrich

4