# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLIED THERAPEUTICS SECURITIES LITIGATION | Case No. 1:24-cv-09715 (DLC) (VF)<br><br>CLASS ACTION |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**Deleted:** Exhibit B

**Formatted:** Font: Not Bold

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1), Certifying Class for Settlement Purposes, and Approving Form of Notice and Directing Class Notice to the Class ("Notice Order") dated November 20, 2025 (ECF No. 127), and Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Approval of Plan of Allocation, and an Award of Attorneys' Fees and Litigation Expenses dated February 12, 2026 (the "Final Approval Motion," ECF No. 133). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Amended Stipulation of Settlement dated November 20, 2025 (the "Stipulation," ECF No. 126), and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Class defined as: all persons and entities who purchased or otherwise acquired the publicly traded common stock of Applied on a U.S. based exchange between January 3, 2024 and December 2, 2024, inclusive (the "Class Period"). Excluded from the Class are: (i) Defendants; (ii) the current and former officers, directors, and employees of Applied (the "Excluded Persons"); (iii) any person or entity that purchased Applied securities in the March 1, 2024 Private Placement (the "Private Placement Investors"); (iv) members of Defendants', Excluded Persons', or Private Placement

-1-

**Deleted:** )

**Deleted:** Permitting

**Deleted:** _____ _____, 2025, on the application of the parties for approval

**Deleted:** the Settlement set forth in the Amended Stipulation of

**Deleted:** November 20, 2025 (the "Stipulation").

**Deleted:** Stipulation,

Investors' immediate families, legal representatives, heirs, successors or assigns; and (v) any entity in which Defendants, the Excluded Persons, or the Private Placement Investors have or had a controlling interest.

4.      Also excluded from the Class are those Persons identified in Exhibit 1 attached hereto who would otherwise be a Member of the Class but who have validly and timely excluded themselves therefrom.

5.      The Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the Members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and, for the purposes of the Settlement only, finally appoints Lead Plaintiff Dr. Martin Dietrich as Class Representative and Lead Counsel Wolf Popper LLP as Class Counsel.

7.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation,

-2 -

the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that:

(a)    said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)    Lead Plaintiff and Lead Counsel have adequately represented the Class;

(c)    The Settlement was negotiated at arm's-length with the assistance of an experienced mediator, and there was no collusion in connection with the Stipulation;

(d)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)    the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

8.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.    Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be

deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released. Nothing contained herein shall release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

10.    Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

11.    Upon the Effective Date, as provided in the Stipulation and to the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Class or any Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any

-4 -

other forum. For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement between Released Defendant Parties.

12.    Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Class Members, and Lead Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

13.    The Notice Program, including the Postcard Notice of Proposed Settlement of Class Action (the "Postcard Notice"), Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Longform Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said Notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notices fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon, and no objections to the Settlement, the Final Approval Motion, the Plan of Allocation, or the Fee

| Deleted: of Pendency and Proposed Settlement of Class Action (the " |
| Deleted: notice |
| Deleted: notice |
| Deleted: . |

and Expense Application were filed by Class Members. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

14.    Notice of Lead Counsel's Fee and Expense Application was directed to Class Members through the Notice Program in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

15.    Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed through the Notice Program to all persons who are Class Members who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

16.    Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective Related Parties in any civil, criminal, or administrative proceeding in any court,

-6 -

administrative agency, or other tribunal. The Released Defendant Parties and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid to the Settlement Fund (1) **$15,000,000 in cash**, in accordance with ¶ 2.6 of the Stipulation; and (2) **$17,**000 **in cash** Warrant Proceeds in lieu of the Warrants, in accordance with ¶ 2.8 of the Stipulation, representing the Black Scholes Value (as that term is defined in Section 3(d) of the Warrants, *see* ECF No. 126, Ex. C, and the calculation of such Black Scholes Value being agreed upon by the Settling Parties) as a result of the Fundamental Transaction (as that term is defined in Section 3(d) of the Warrants, *see* ECF No. 126, Ex. C) that occurred after the Stipulation was executed.

18.     Lead Counsel and any person acting at the direction of Lead Counsel shall have no liability for any action taken in connection with the Warrants or the Black Scholes Value payment except for willful misconduct.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

---

**Deleted:** $15,000,000 in cash

**Deleted:** . Pursuant to the terms of the Stipulation, Applied is directed to issue

**Deleted:** deliver, or cause to be issued and delivered, to the Securities Escrow Agent Warrants to purchase up to **1**

**Deleted:** **,000 shares of Applied common stock at $0.48 per share** within fourteen (14) days calendar days after entry of Final Judgment

**Formatted:** Default Paragraph Font

**Deleted:** 7

**Deleted:** . Issuance and delivery

**Deleted:** a condition for occurrence

**Deleted:** Effective Date as set forth in ¶ 9.1, and should the

**Deleted:** not be issued and delivered, the Stipulation and this Judgment will terminate and be rendered null and void pursuant to the terms of the Stipulation and paragraph ___ of this Judgment

**Deleted:** As set forth in the Stipulation, Lead Counsel shall have sole discretion when and whether to exercise the Warrants on behalf of the Class and when or whether to sell the shares underlying the Warrants prior to distribution of the Net Settlement Fund to Class Members. Lead Counsel is authorized to expend up to $480,000 from the Settlement Fund in Warrant Exercise Expenses without further order of this Court. …

**Deleted:** underlying Applied common shares

20. The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

21. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of August 19, 2025, as provided in the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation. The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

-8-

24.　　This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

25.　　The Court hereby grants Lead Counsel's Fee and Expense Application and awards Lead Counsel a Fee and Expense Award of attorneys' fees of _____% of the Settlement Fund, or $_____ plus _____% of the Warrant Proceeds received by the Settlement Fund, plus expenses in the amount of $_____, together with the interest earned on both amounts for the same period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

**Deleted:** any

26.　　The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of this Final Judgment and Order of Dismissal with Prejudice and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶ 8.2 thereof, which terms, conditions, and obligations are incorporated herein.

27.　　In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)　　the Settlement has created a fund consisting of $15,000,000 in cash and $17,000 in cash Warrant Proceeds, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

**Deleted:** Warrants to purchase up to 1,000,000 shares of Applied common stock at an exercise price of $0.48 per share…

(b)　　at least 60,382 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 20% of the Settlement Amount and for expenses in an amount not to exceed $50,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

**Deleted:** _____

-9 -

(c)    Lead Counsel pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)    Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e)    Lead Counsel pursued the Litigation entirely on a contingent basis;

(f)    the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)    Lead Counsel represented that they have devoted 1,949 hours through February 12, 2026, with a lodestar value of $1,310,582, to achieve the Settlement;

(i)    public policy concerns favor the award of reasonable attorneys' fees; and

(j)    the attorney's fees and expenses awarded are fair and reasonable.

28.    The Court finds and concludes that the Plan of Allocation for the calculation of the claims of Authorized Claimants which is set forth in the Notice provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Authorized Claimants, with due consideration having been given to administrative convenience and necessity.

29.    This Court finds and concludes that the Plan of Allocation, as set forth in the Notice, is, in all respects, fair and reasonable and the Court approves the Plan of Allocation.

30.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____    _____
                               The Honorable Denise Cote
                               United States District Judge

Deleted: who

Deleted: over _____

Deleted: $_____,

Formatted: Bullets and Numbering

**Exhibit 1**

**Persons Who Validly and Timely Excluded Themselves from the Class**

Name                                    City, State, Country

Raymond M. Coggins                      New York, NY, USA